## H. PRITCHARD v. THE BOARD OF COMMISSIONERS OF GREENWOOD COUNTY.

JUDGMENT UNDER CH. 39, LAWS 1877, *May be Opened.* Where an action is brought in the district court, under chapter 39 of the Laws of 1877, p. 69, *et seq.,* by the board of county commissioners, to foreclose certain alleged tax liens mentioned in the petition, and service of summons is obtained by publication in a newspaper only, and judgment is rendered in favor of the plaintiff and against one piece of the land described in the petition, and the land is ordered to be sold for the taxes found to be due thereon, and is afterward sold to the county, *held,* that the owner of the land who has received no actual notice of any of said proceedings, may, within three years after the judgment is rendered, have the judgment opened and be let in to defend, under and in accordance with the provisions of §77 of the code of civil procedure.

*Error from Greenwood District Court.*

AT the May Term, 1878, of the district court, in an action brought under ch. 39, Laws of 1877, the *Board of Commis-*

*sioners* of Greenwood county had judgment against certain lands situate in that county, including the S.½ of N.½ of S. W.¼ of sec. 12, tp. 22, range 11, owned by *Pritchard.* At the May Term, 1881, the district court overruled the owner's motion that the decree as to his land be opened, and that he be let in to defend. *Pritchard* brings the case here.

*Almerin Gillett,* for plaintiff in error.

*F. P. Cochran,* and *Scott & Lynn,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Greenwood county, by the board of commissioners of said county, against "the northwest quarter of section three, in township twenty-two, of range ten, and other property, and William J. Foster, Joseph Hall, J. W. Tilton, and others, unknown, and all persons having or claiming an interest therein," under chapter 39 of the Laws of 1877, p. 69, *et seq.,* to foreclose certain alleged tax liens on the real estate mentioned in the petition and in the exhibit attached thereto. Notice was given by publication in a newspaper, as prescribed by said chapter. Afterward judgment was rendered in favor of the plaintiff, and against one piece of the land mentioned in the exhibit filed with the petition, (the land now in suit,) and the property was ordered to be sold for the taxes found to be due thereon; and afterward the property was sold, and bid in for the county. It would seem that the plaintiff in error, H. Pritchard, although his name was not mentioned in any of the proceedings of the district court, owned the land which was ordered to be sold, and which was sold. This land was described in the exhibit filed with the petition, and in the notice, and in the judgment of the court; but it was not described in the title to the action, nor in the body of the petition. From anything appearing in the present case, the county still retains its claim to the land. From a case, however, formerly presented to this court, it appeared that the county had sold its interest in the property to Mat-

thias Madren. (*Pritchard v. Madren*, 24 Kas. 486, 489.) This case will be decided upon the facts as they appear in the present case. Afterward, and within three years after the judgment was rendered, the plaintiff in error, H. Pritchard, after giving proper notice, appeared in court, and made a motion, under § 77 of the code of civil procedure, to have the judgment opened, and to be let in to defend, and filed his answer, setting up his defense, properly verified by affidavit. The district court overruled the motion, upon the ground that the prior proceedings did not come within the provisions of the code of civil procedure, and that the judgment could not be opened up, as provided for by § 77 of the code; and the court founded its decision principally upon the provisions of §§ 727, 728 and 729 of the civil code, which read as follows:

"Sec. 727. Rights of civil action, given or secured by existing laws, shall be prosecuted in the manner provided for by this code, except as provided in the next section. If a case ever arise in which an action or proceeding for the enforcement or protection of a right, or the redress or prevention of a wrong, cannot be had under this code, the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice.

"Sec. 728. Until the legislature shall otherwise provide, this code shall not affect proceedings to assess damages for private property taken for public uses, nor proceedings under the statutes for the settlement of the estates of deceased persons, nor proceedings under statutes relating to apprentices, bastardy, insolvent debtors, or any special statutory remedy, not heretofore obtained by action; but such proceedings may be prosecuted under the code whenever it is applicable.

"Sec. 729. Where, by statute, a civil action, legal or equitable, is given, and the mode of proceeding therein is prescribed, this code shall not affect the proceeding under such statute, until the legislature shall otherwise provide; but the parties may, if they see fit, proceed under this act, and in all such cases, as far as it may be consistent with the statute giving such action, and practicable under this code, the proceedings shall be conducted in conformity thereto. Where the statute designates, by name or otherwise, the kind of action, such action shall be commenced and prosecuted in con-

formity to this code. Where the statute gives an action, but does not designate the kind of action, or prescribe the mode of proceeding therein, such action shall be held to be the civil action of this code, and proceeded in accordingly."

To be more explicit, the court below founded its decision principally upon that portion of the language of § 728 which reads as follows: "Until the legislature shall otherwise provide, this code shall not affect . . . any special statutory remedy not heretofore obtained by action;" and upon that portion of the language of § 729 which reads as follows: "Where, by statute, a civil action, legal or equitable, is given, and the mode of proceeding therein is prescribed, this code shall not affect the proceeding under such statute, until the legislature shall otherwise provide."

It seems to be admitted, and, we think, correctly, that the code of civil procedure is to govern in all civil actions and in all civil remedies, unless it is otherwise specifically provided by some statute, or unless in the nature of things it cannot be made to apply. The code itself, in nearly all its provisions, would seem to indicate this; but we would refer more particularly to the first eight articles of the code, and to said §§ 727, 728 and 729. Section 727 provides that the "Rights of civil action, given or secured by existing laws, shall be prosecuted in the manner provided for by this code, except as provided in the next section." The next section mentions certain proceedings as exceptions to the foregoing rule, including the first exception upon which this case was decided, and then provides that "Such proceedings may be prosecuted under the code whenever it is applicable." The next section (§ 729) mentions another exception, which is the other exception upon which this case was decided, and then provides that "The parties may, if they see fit, proceed under this act; *and in all such cases, as far as it may be consistent with the statute giving such action, and practicable under this code, the proceedings shall be conducted in conformity thereto.*" And said § 729 further provides that "Where the statute designates, by name or otherwise, the kind of action, such action shall be com-

menced and prosecuted in conformity to this code;" and also provides that "Where the statute gives the action, but does not designate the kind of action, or prescribe the mode of proceeding therein, such action shall be held to be the civil action of this code, and proceeded in accordingly." Of course where a remedy is given by statute, and the whole procedure for such remedy is also given in the statute or in some other statute, the civil code cannot apply; and where the remedy is such that in the nature of things the civil code cannot apply, of course it has no application; but where the procedure 'for the enforcement of the remedy is not given by statute, or where only a portion of the procedure is given by statute, then the civil code must govern so far as it can have any application thereto.

We will now turn to the remedy given by chapter 39 of the Laws of 1877. We think this chapter provides sufficiently for a petition setting forth the plaintiff's cause of action. We also think that it provides sufficiently for notice to bring the defendants into court; but it does not provide sufficiently with reference to the defendant's pleadings. It does not provide whether such pleadings shall be written or oral; whether they shall be in the form of a motion, or a demurrer, or a plea, or an answer, or whether sometimes in one form and sometimes in another. It does not provide what defenses may be made, but leaves everything with reference thereto wholly unprovided for. Neither does it make any provision with regard to the evidence that may be introduced; whether the evidence shall be by affidavit or deposition, or oral or documentary wholly; nor does it provide what shall be competent or incompetent evidence. It leaves all this unprovided for. We think it sufficiently designates the judgment that shall be rendered in the case; but it does not provide specifically and in the act itself how the judgment shall be enforced. If the judgment is for the sale of the land, then it provides that the "sale shall be made and conducted in all respects as sales upon execution," evidently referring to the "sales upon execution" provided for in the code of civil procedure. And

it also provides that all "deeds made in pursuance of any sale made by virtue of this act, shall be made in the same form and shall have the same effect, and the purchaser at such sale be entitled to the same remedies, relief and protection, as purchasers at sales on forclosure of mortgage or sales on execution," again evidently referring to the code of civil procedure with reference to foreclosure of mortgages and sales on execution.   The act is also defective in not providing any mode for setting aside the judgment, or for granting a new trial; and there is no provision for any appeal or petition in error.   So far as the act itself is concerned, any judgment rendered under it is final and absolute.   It cannot be reviewed, or reversed, or changed, or modified, by any court. It will therefore be seen that the act itself does not furnish a perfect or complete procedure; and where it is defective, we think the defects or omissions should be supplied by the code of civil procedure.   And if the defects and omissions should be supplied by the code of civil procedure, then the plaintiff in error in this case evidently had a right, under § 77 of the code of civil procedure, to make his motion to open the judgment rendered in this case, and to be let in to defend. We think the plaintiff in error had such right, and therefore the judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.