No. 33,381

THE NATIONAL BANK OF TOPEKA, Executor of the Estate of Henry K. Brooks, Deceased, *Appellee*, v. THE STATE OF KANSAS, THE INHERITANCE TAX COMMISSION OF THE STATE OF KANSAS et al., *Appellants*.

(68 P. 2d 1076)

Opinion filed June 12, 1937.

*W. B. Crowther, C. W. Brenneisen, Jr.,* both of Topeka, *and D. C. Hill,* of Wamego, for the appellants.

*Jacob A. Dickinson,* of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an attempted appeal by the state inheritance tax commission from a default judgment rendered by the district court of Shawnee county on a proceeding brought to that court to review an order of the commission refusing to abate an inheritance tax.

Henry K. Brooks died, a resident of Shawnee county, on August 12, 1934. Letters testamentary were issued to the National Bank of Topeka, as executor, on September 10, 1934. The Brooks estate was reported to the commission by the probate court of Shawnee county on September 21, 1935. On May 14, 1936, the commission issued its order fixing the charge of the inheritance tax, and two days later issued a supplemental order. On June 2, 1936, the executor paid to the county treasurer of Shawnee county the tax as required by G. S. 1935, 79-1517. The executor then, as authorized by the same statute, filed a petition with the commission for an abatement of the tax. The petition raised a question concerning

.the valuation of real estate located in Shawnee county, complained of the assessment of a tax against a certain trust estate of the deceased, which the executor claimed had a definitely fixed tax situs in the state of Colorado, and further objected to a certain assessment of interest charges on the tax. The question of an abatement of the tax insofar as it pertained to the valuation placed on real estate was satisfactorily adjusted and that portion of the tax was promptly refunded. In all other respects the application for abate-ment was denied.

On July 2, 1936, the executor filed a petition in the district court of Shawnee county asking that court to review the orders of the commission. The executor proceeded in the district court on the theory he was instituting an action against the inheritance tax commission, and that the action was controlled by the code of civil procedure. It filed a petition and had summons issued thereon. The petition reviewed the proceedings before the commission and attached thereto copies of certain instruments, to wit: the trust agreement; order of the commission fixing the tax; the protest concerning payment of the tax; petition filed for abatement, and the order refusing to abate except as to valuation of real estate.

The petition concluded with a prayer for a *review* of the orders of the commission and for judgment declaring the tax order null and void, and for an order instructing the county treasurer of Shawnee county to return to the executor the tax and interest previously paid.

The summons issued upon the petition fixed the answer day as August 1, 1936. No pleading was filed by the commission. It appears the executor requested that the inheritance tax commission file a pleading, but this the commission failed to do. The court, however, did not direct or order the commission to plead. On September 9, 1936, the executor filed its motion for judgment on the pleadings. The only pleading on file was the verified petition of the executor. The commission appeared, but failed to plead, and objected to the sustaining of the motion for judgment on the pleadings on the theory this was a special proceeding under the provisions of G. S. 1935, 79-1517, which simply contemplated a review of the .commission's -order and no pleadings were required. The motion of the executor was taken under advisement and later sustained. The finding of the district court in this particular reads:

"That the court has jurisdiction of the parties and of the subject matter of this action; that the defendants are in default herein for lack of answer, mo-

tion, demurrer, or other pleading and have refused in open court to plead herein, no order of the court having been made, however, directing the defendants to plead; that by reason of the above facts the allegations of plaintiff's petition must be held to be true; that the plaintiff is entitled to the relief prayed for by it; that the rules governing pleading in civil actions generally are applicable to the pleadings of this action; and that the motion of the plaintiff for judgment on the pleadings herein is proper and should be sustained."

The court pronounced judgment abating the tax on the trust fund, including the interest charge on the tax as requested by the executor, and ordered the county treasurer to refund the tax. Subsequently the commission filed its motion asking the court to set aside its judgment and permit it to plead. The motion was denied. The tax was refunded.

The executor contends first, the commission voluntarily complied with the judgment from which it has appealed, and hence is barred from prosecuting the appeal; second, if the commission is correct in its contention that the review in the district court is a special proceeding, then no appeal lies to this court, as the statute povides for none; third, the code controls the procedure in the district court, and the commission having been in default of a pleading, judgment was properly rendered against it.

The commission contends G. S. 1935, 79-1517, simply contemplates a review to determine the legality and correctness of its order, that any pleadings by it could have consisted only of a statement of its theories or reasoning which lead to its conclusion, and that the district court had no power to inquire into the mode or process of reasoning employed by the commission in arriving at its conclusion. The commission further contends a motion for judgment on the pleadings operates as a demurrer, hence searches the record and that the trust agreement attached to the petition discloses it to be a revocable trust and therefore was taxable in the domiciliary state of the deceased. It therefore contends judgment should have been rendered in its favor on the motion.

The commission appeals from the judgment of the district court, but fails to indicate how this court acquires jurisdiction of the appeal. It would perhaps be sufficient to state that, strange as it may seem, the law provides for no appeal to this court from the ruling of the district court with regard to an inheritance tax. It will be observed G. S. 1935, 79-1517, simply provides for determination of the tax by the inheritance tax commission, and a review of such order

by the district court. It provides for no appeal to this court. G. S. 1935, 20-101, provides:

"The supreme court shall be a court of record, and in addition to the original jurisdiction conferred by the constitution, shall have jurisdiction in all cases of appeal and proceedings in error from the district and other courts in such manner as may be provided by law; . . ."

It was the province of the legislature to determine the orders or judgments from which an appeal to this court would lie. It is interesting to note that with regard to the subject of an income tax the legislature has seen fit to provide for appeals not only from the order of the tax commission to the district court but also from that court to this court. (G. S. 1935, 79-3227.) That statute further expressly provides the appeal may be taken as in civil cases except the time of appeal is limited to sixty days. As to an inheritance tax order no provision is made for appeals to this court as in civil cases or otherwise. Without such provision we cannot arbitrarily assume jurisdiction.

It will be readily recalled at one time this court had no jurisdiction whatsoever in workmen's compensation cases. (Laws 1927, ch. 232; *Norman v. Consolidated Cement Co.,* 127 Kan. 643, 274 Pac. 233.) In the Norman case it was said:

"More than that, the legislature had under consideration the subject of review of the findings and awards of the commission, and it provided for a limited review in the district court. Having dealt with the subject of appeals, it is inferable that no different or other appeal was intended to be given by the legislature. The one specifically authorized in the new system is exclusive and the decision of the authorized appeal is necessarily the end of the proceeding. The legislature had the power to allow an appeal to a tribunal and to limit it to a particular one. The only appeal provided for is the one to the district court, and this court cannot well broaden the act by adding another." (p. 649.)

By subsequent legislation this court was clothed with limited jurisdiction only in those cases and that jurisdiction was expressly restricted to "questions of law." (Laws 1929, ch. 206; *Fair v. Golden Rule Refining Co.,* 134 Kan. 623, 7 P. 2d 70.) No provision having been made for appeals to this court in inheritance-tax matters, we are without authority to rule on other contentions which inhere in the controversy. Except for the fact the question involved is one of public interest, this opinion might well end here. Indeed anything said hereafter, notwithstanding the public nature of the subject, must in its very nature be purely suggestive. A few observations may, however, be helpful.

Does the code require pleadings on a review in the district court of a tax order made by the inheritance tax commission, and was the default judgment properly rendered by reason of failure of the commission to plead? A comparison of G. S. 1935, 79-1517, being the statute which provides for *review* by the district court of an inheritance tax order, with G. S. 1935, 79-3227, which provides for *appeals* to the district court from an income-tax order, is suggestive in determining legislative intent. The latter statute does not provide simply for a review of the tax commission's order, but for an appeal, for the issuance of summons as in civil actions, and that the appeal shall proceed as an *original action*. It further provides for appointment of referees to hear evidence and recommend findings of fact and conclusions of law. No such provisions are contained in the statute providing for a *review* of an order of the inheritance tax commission. In the absence of such provisions a few things appear to be rather obvious relative to the question of procedure in the district court as applied to the instant case. In considering the question of what procedure is applicable, it should be remembered the remedy in the instant case was not originally sought in a court of justice. Remedies in courts of justice are of two kinds. They are actions and special proceedings. (G. S. 1935, 60-103.) The state tax commission is an administrative and not a judicial tribunal. (*In re Chicago, R. I. & P. Rly. Co.*, 140 Kan. 465, 37 P. 2d 7.) The petition filed with the commission for abatement of the tax was therefore neither an action nor a special proceeding before a court of justice. It was a special proceeding (G. S. 1935, 60-105), and before a commission which is primarily an administrative body. The executor aggrieved by the order of the commission was not authorized by G. S. 1935, 79-1517, to institute an independent action against the state of Kansas, the inheritance tax commission, or the county treasurer, to recover money claimed to have been wrongfully exacted. A remedy was, however, provided. The remedy was limited by the statute which created it. That remedy was restricted to a review of the order of the commission. The statute does not provide for an appeal to the district court nor for further procedure there as in an original action. In the instant case, the question presented for review was first, whether the trust estate involved was subject to taxation in this state, and second, whether interest on the tax, if the trust estate was taxable in Kansas, was charged for a proper period of time. The trust agreement, orders of the commis-

sion, protest of the tax and petition in abatement were attached to the "so-called" petition. The statute does not provide for the filing of a *petition* in the district court, but only for an *application* requesting a review. It would appear that under the circumstances of this case nothing more was essential for a proper review of the validity or correctness of the order made by the commission. If any pleading was essential for an adequate review we are not advised of what it would consist.

While judgment was rendered on the motion for judgment on the pleadings, the executor contends it was in fact a default judgment and was so considered by all the parties and the court. The "so-called" petition, together with exhibits attached, was the only instrument on file. The finding of the trial court would indicate the motion was sustained by reason of default in pleadings. We do not believe it was the intention of the framers of the law that the validity or correctness of an inheritance-tax order should be thus determined. On the contrary, it appears the purpose of the statute was to have the order reviewed and approved or disapproved on its merits. It appears that was not done. We think the statute intended it should be done.

Since G. S. 1935, 79-1517, provides only for a review of the order of the commission, it would appear the provisions of G. S. 1935, 60-3824, relied upon by the executor, did not compel the commission to file pleadings as provided in the code.

Furthermore, G. S. 1935, 60-3823, provides:

"Until the legislature shall otherwise provide, this code shall not affect proceedings to assess damages for private property taken for public uses, nor proceedings under the statutes for the settlement of estates of deceased persons, nor proceedings under statutes relating to apprentices, bastardy, insolvent debtors or *any special statutory remedy,* not heretofore obtained by action; but such proceedings *may* be prosecuted under the code *whenever it is applicable.*" (Italics inserted.)

A requirement of additional pleadings is not ordinarily consistent with the theory of a review. The remedy sought was a special statutory remedy. We have previously indicated nothing has been presented to this court which would disclose that further pleadings were proper or necessary for a complete review. If no pleadings were necessary it is not apparent how the code would be applicable. If we entertained jurisdiction it would be difficult under these circumstances to justify a judgment by reason of default in pleadings.

The validity of the tax and the interest charge thereon are ques-

tions of vital public concern. Over them we have no jurisdiction and, of course, venture no opinion. Especially since there is no provision for appellate review, we are persuaded the district court will give to the merits of the issues involved the serious consideration which their importance deserves. The appeal is dismissed.