No. 35,656

JULIA FREUND, JOHN A. SULLENTROP, HENRY J. PALTZER and EMMET A. BLAES, Executors of the Last Will and Testament of J. J. Grueter, Deceased, *Appellants,* v. THE STATE COMMISSION OF REVENUE AND TAXATION, *Appellee.*

(131 P. 2d 678)

Opinion filed December 12, 1942.

*Emmet A. Blaes,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent* and *Roetzel Jochems,* all of Wichita, were on the briefs for the appellants.

*Shelley Graybill,* of Newton, argued the cause, and *James D. Dye,* of Ottawa, *C. D. Christey,* of Caldwell, and *Mason Mahin,* of Smith Center, were on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This appeal calls for the construction of certain provisions in G. S. 1941 Supp. 79-1517, which specify the mode of appeal from orders of the tax commission to the district court.

J. J. Grueter, a resident of Sedgwick county, died testate on March 27, 1940. His will was duly admitted to probate in the probate court of Sedgwick county. Executors were appointed, duly qualified and the administration of the estate commenced. As required by law, the probate judge forwarded to the director of revenue information necessary for the computation of the inheritance taxes. The director of revenue found the amount of the inheritance tax due from the estate, and on August 4, 1941, issued his order of determination. Thereafter, on November 5, 1941, the executors paid the amount of the inheritance tax as determined by the director to the county treasurer of Sedgwick county, and in due course the amount was forwarded by the county treasurer to the director of revenue.

On November 6, 1941, the executors filed with the director of revenue their petition for abatement of the tax. This application was denied and the executors appealed from the ruling of the director to the commission of revenue and taxation. The commission ruled against the abatement asked for and thereupon the executors appealed from the ruling so made to the district court of Sedgwick county. In the district court the commission filed a motion to dismiss the appeal for want of jurisdiction. This motion was sustained and this appeal is from the order and judgment of the district court so entered.

The pertinent portion of G. S. 1941 Supp. 79-1517, with which we are concerned, reads:

". . . Within thirty days after the mailing of said notice by the commission, any such executor, administrator, trustee or grantee may appeal to *any district court of competent jurisdiction* for review of any such order, upon giving a bond for costs in the sum of one hundred dollars. Said appeal shall be taken by filing, with the clerk of the district court, a written notice stating that the executor, administrator, trustee or grantee appeals to the district court and alleging the pertinent facts upon which such appeal is grounded. Upon the filing of the notice of appeal the director and commission shall be deemed to be a party to such appeal and the clerk of the district court shall docket the cause as a civil action, and shall forthwith and without praecipe issue summons and cause the same to be served upon the secretary of the commission, in accordance with the manner now provided by law in civil cases. Such appeal shall be heard as an equity proceeding and shall proceed as an original

action. Trial may be had or any order made in term or in vacation. The commission or any such executor, administrator, trustee or grantee, may appeal from any final decision of the district court to the supreme court in like manner as appeals are taken in civil cases under the code of civil procedure except that the commission shall not be required to give a bond on appeal; and the final decision made in such appeal shall be entered as a judgment as in other civil cases against the executor, administrator, trustee or grantee or against the director or commission, as the case may be. Upon final decision ordering an abatement or [of] any portion of said tax the director shall refund, from the 'inheritance tax abatement refund' created by section 24 [79-1531] of this act, the amount adjudged or determined to have been illegally exacted, with interest in the manner prescribed by section 24 [79-1531] hereof." (Italics inserted.)

The case turns on the true construction of the words "any district court of competent jurisdiction" as used in the statute above quoted.

Appellee contends that the district court of Sedgwick county does not come within the language of the statute "any district court of competent jurisdiction," and that the only court that can entertain the appeal is the district court of Shawnee county. It is urged that the language quoted is ambiguous; that the statute fails to define the meaning of "any district court of competent jurisdiction," and that the statute is vague and incomplete. It is argued that since the statute failed to designate the district court to which the appeal should be taken, that the omissions must be suppied by the code of civil procedure.

G. S. 1935, 60-3824, provides:

"Where, by statute, a civil action, legal or equitable, is given, and the mode of proceeding therein is prescribed, this code shall not affect the proceeding under such statute, until the legislature shall otherwise provide; but the parties may, if they see fit, proceed under this act, and in all such cases, as far as it may be consistent with the statute giving such action and practicable under this code, the proceedings shall be conducted in conformity thereto. Where the statute designates, by name or otherwise, the kind of action, such action shall be commenced and prosecuted in conformity to this code. Where the statute gives an action, but does not designate the kind of action, or prescribe the mode of proceeding therein, such action shall be held to be the civil action of this code, and proceeded in accordingly."

Under this statute and our decisions (*Pritchard v. Comm'rs of Greenwood Co.*, 26 Kan. 584; *Cheek v. Railway Co.*, 89 Kan. 247, 131 Pac. 617; *Harwood v. Railway Co.*, 101 Kan. 215, 171 Pac. 354; *Champlin Refining Co. v. Ryan*, 147 Kan. 160, 75 P. 2d 245) it is clear the question presented is governed by the code of civil procedure.

The code (G. S. 1935, 60-503) provides:

"Causes which must be brought in county where cause arose. Actions for the following causes must be brought in the county where the cause, or some part thereof, arose:

. . . . . . . . . . . . . . . . . .

"Second. An action against a public officer for an act done by him in virtue or under color of his office, or for neglect of his official duties."

Under this statute the cause of action has been construed to arise in the county where the official acts constituting the basis of the action were performed.

*Clay v. Hoysradt*, 8 Kan. 74; *Fay v. Edmiston*, 28 Kan. 105; *State, ex rel., v. Flannelly*, 96 Kan. 372, 152 Pac. 22; *Kansas City v. Utilities Commission*, 103 Kan. 473, 176 Pac. 324.

In the present case the appeal is from an order of the state commission of revenue and taxation denying abatement of certain inheritance taxes assessed in the estate. The acts for which the appellants seek redress were performed by state officials in Shawnee county by virtue of their offices, and the acts and orders necessary for affirmative relief must necessarily be done and performed in the state capitol at Topeka in Shawnee county. Under G. S. 1935, 60-503, as construed in the above cited decisions, the cause of action accrued in Shawnee county, the seat of the state government where the order of the tax commission appealed from was entered.

Appellants argue that upon appeal to the district court the hearings in many instances will require the presentation of testimony, the examination of records, audits, etc., and that the convenience of all parties concerned would normally be served by holding such appeals in the district court of the county in which the estate is in the process of administration.

Under the statute (G. S. 1941 Supp. 79-1517) above quoted, the appeal to the district court is from the order and ruling of the commission. Ordinarily the district court, in determining whether the tax was wrongfully exacted, will consider the matters in the record which was passed upon by the commission. Normally additional testimony would not be required. As far as appears from the record before us, the appellants would suffer no serious inconvenience by a hearing on the appeal before a district court in Shawnee county.

It is well settled that where the action is against state officials, in the absence of a statute to the contrary, the action must be brought in the county where the cause of action arose. *Continental Pipe Line Co. v. Cartwright*, 154 Kan. 430, 435, 118 P. 2d 1052, and

cases cited. Where the statute is vague and indefinite, as in this case, the rule must be the same.

The judgment is affirmed.

THIELE, J. (concurring): Although I am in general accord with the opinion of the court, I think there is a more cogent reason why the ruling of the trial court was correct.

Our original act creating the public utilities commission and authorizing it to fix rates, etc., provided that any utility governed by the act and affected by any ruling of the commission might "within thirty days from the making of such order, commence an action *in a court of competent jurisdiction,* against the Public Utilities Commission as defendant, to vacate and set aside any such order," etc. (Emphasis supplied.) (Laws 1911, ch. 238, § 21, R. S. 1923, 66-118.)

Without elaboration it may be said that by reason of the provision of the civil code that an action against a public officer or board must be brought in the county where official acts are performed (G. S. 1935, 60-503, *Second*), and the interpretation placed on the statute quoted, there was agitation to permit actions under the public utilities law to be brought in the county where the order was to be effective. In his message to the legislature in 1929, Governor Reed said:

"The laws regulating public utilities are unsatisfactory in some respects. Under the present law appeal from the Public Service Commission is taken to the district court of Shawnee county, rather than to the district court of the county in which the cause originated. This is unrepresentative, and there is universal agreement that the law should be changed so as to provide that appeal from the Public Service Commission should go to the district court of the county in which the public-utility service affected by the order of the commission is rendered." (Senate Journal, 1929, p. 29.)

Thereafter the legislature amended the statute (Laws 1929, ch. 220, § 3, G. S. 1935, 66-118c) so as to read, in part:

"Within thirty (30) days after the application for a rehearing is denied . . . the applicant may apply to the district court of the county in which the order of the commission is to become effective for a review of such order or decision;" etc.

It thus appears the legislature put its own construction on the phrase "a court of competent jurisdiction" used in a statute quite analogous to the one here involved.

By Laws 1915, ch. 357, the legislature provided for a tax on

legacies and successions. Section 17 of that act was amended by Laws 1917, ch. 319, § 2, to permit an executor, etc., to "apply to any district court of competent jurisdiction for a review" of certain orders. The statute as so amended appears as G. S. 1935, 79-1517. Notwithstanding its own construction of the phrase "a court of competent jurisdiction" the legislature in amending the inheritance tax law by Laws 1941, ch. 369, § 16, used the language quoted in the court's opinion.

I think it must be assumed the legislature in 1941 used the phrase "any court of competent jurisdiction" in the same sense as it used it in the original public utilities act, and which it construed by amendment. Where the legislature construes its own enactments, the court should follow in an analogous case, such as this is. The venue of an appeal from an order of the inheritance tax commission is to the district court of Shawnee county.

I am authorized to say that Mr. Justice HOCH concurs in the foregoing concurring opinion.

ALLEN, J. (dissenting): I am unable to agree with the majority view. The statute provides that within thirty days after the mailing of the notice by the commission "any such executor, administrator, trustee or grantee may appeal to any district court of competent jurisdiction for review of any such order."

The testator was a resident of Sedgwick county at the time of his death. His estate is in the process of administration in that county and executors of his will have been appointed. Why is not the district court of Sedgwick county the court of competent jurisdiction specified in the statute? The word "any" means some one of many. (Black's Law Dictionary.) It could not, therefore, refer to Shawnee county—the seat of the state government—and exclude all other counties. On the other hand, "any district court" without a controlling context would include any district court in the state. But the generality of the word "any" as used in the statute is restricted by the phrase "of competent jurisdiction"—meaning thereby the court that ordinarily would have jurisdiction of the subject matter and the parties. This construction would exclude the district court of Shawnee county and all district courts in the state save and except the district court of the county of the probate court where the administration proceedings are pending.

I find no ambiguity in the statute. The parties and the subject matter were in Sedgwick county and considerations of convenience would dictate that the appeal should go to the district court of that county.

In *National Bank of Topeka v. State*, 146 Kan. 97, 68 P. 2d 1076, we held that an action of the same nature under G. S. 1935, 79-1517, was a special proceeding. That section as amended, G. S. 1941 Supp. 79-1517, is now before us. If it was a special proceeding then it certainly is a special proceeding now. As the mode of appeal is specified, G. S. 1935, 60-3824, by its express terms, has no application. It follows that the code provision relied upon, G. S. 1935, 60-503, is also without application.

I am authorized to say that Mr. Justice WEDELL concurs in the foregoing dissenting opinion.