(268 P.3d 494)
No. 104,147[1]

In the Matter of the Marriage of STACY K. JONES, *Appellant*, and
MATTHEW BRANDON JONES, *Appellee*.

Opinion filed December 23, 2010.

*Joseph W. Booth*, of Lenexa, for appellant.

---

[1]**REPORTER'S NOTE:** Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish pursuant to Rule 7.04 (2010 Kan. Ct. R. Annot. 55). The published version was filed with the Clerk of the Appellate Courts on May 27, 2011.

*Janine D. Hassler*, of Olathe, for appellee.

Before BUSER, P.J., STANDRIDGE, J., and BUKATY, S.J.

BUKATY, J.: Shortly after Stacy K. Jones and Matthew Brandon Jones were divorced, Matthew filed a motion to modify his child support obligation. The parties apparently agreed that the original child support order had been set too high, but they argued over what the effective date of the modification should be. The district court conducted a hearing on the motion more than a year after it was filed. In sustaining the motion, the court ordered the modification be effective back to a date several weeks following the filing of the motion. Stacy appeals the retroactive portion of the order arguing that Matthew failed to file a domestic relations affidavit (DRA) or child support worksheet with the motion, and the modification order could not be retroactive to more than 1 month following the date that both the DRA and worksheet were filed. We conclude that nothing in the statutes or Supreme Court Rules cited by Stacy require that the motion be deemed filed only after the DRA and worksheet have been filed, and we affirm.

The relevant facts begin on January 23, 2009, when the parties were granted a decree of divorce. On February 6, 2009, Matthew filed a motion to modify custody and support. He did not file a DRA until May 1, 2009. He did not present his child support worksheet to the district court until August 23, 2009. Shortly thereafter, the court apparently mistakenly dismissed the motion for some reason not material to this appeal. Matthew then filed a new motion for modification of child support, and the court found it "should be reinstated to its February 6, 2009 filing date because it has never been considered or ruled on."

Stacy does not dispute that the second motion should relate back to the effective date of the first motion, but she argues that Matthew's motion was not effectively filed under Supreme Court Rule 139(f) and (g) (2010 Kan. Ct. R. Annot. 224) until it was accompanied by a DRA and a child support worksheet. Consequently, she urges the child support modification could only be retroactive to 1 month following the filing of both those documents. Matthew counters that under the language of K.S.A. 2009 Supp. 60-

1610(a)(1), the child support modification could be applied retroactively from March 6, 2009, 1 month following the filing of the motion alone.

In its ruling, the district court found that while it had authority to modify child support retroactively to March 6, 2009, it ordered the modification be effective back to April 1, 2009.

This case involves the interpretation of K.S.A. 2009 Supp. 60-1610(a)(1) and Supreme Court Rule 139. Both the interpretation of a statute and the interpretation of the Supreme Court Rules involve issues of law over which an appellate court has unlimited review. *Kansas Judicial Review v. Stout*, 287 Kan. 450, 459-60, 196 P.3d 1162 (2008).

K.S.A. 2009 Supp. 60-1610(a)(1) provides in relevant part: "The court may make a modification of child support retroactive to a date at least one month after the date that the motion to modify was filed with the court."

Supreme Court Rule 139(a) provides in relevant part: "[A]ll motions to modify existing support orders shall be accompanied by a Domestic Relations Affidavit." (2010 Kan. Ct. R. Annot. 224.) Supreme Court Rule 139(g) further provides: "Where child support is required, a Child Support Worksheet shall accompany the Domestic Relations Affidavit." (2010 Kan. Ct. R. Annot. 225.) As we stated, Stacy argues then that no motion for modification was filed until both the DRA and the worksheet have been filed.

Our Supreme Court has stated the rules of statutory interpretation on many occasions.

"The most fundamental rule governing statutory interpretation is that 'the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted.' [Citation omitted.] Thus, when the language of a statute is plain and unambiguous, courts 'need not resort to statutory construction.' [Citation omitted.] Instead, '[w]hen the language is plain and unambiguous, an appellate court is bound to implement the expressed intent.' [Citation omitted.] Only where 'the face of the statute leaves its construction uncertain' may the court look to 'the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested.' [Citations omitted.]" *Kansas Judicial Review*, 287 Kan. at 460.

"These same principles apply where this court is called on to interpret its own rules." 287 Kan. at 460.

"[I]f the language of a particular court rule is clear, this court is bound by that language. But if the language of a Supreme Court rule is subject to more than one reasonable interpretation, we may authoritatively state which interpretation is most consistent with our intent in adopting the rule in question. [Citation omitted.]" 287 Kan. at 460-61.

In applying these rules to K.S.A. 2009 Supp. 60-1610(a)(1), we first note that the language of the section that allows for retroactive application of a child support modification is clear, unambiguous, and straightforward. It allows a district court to modify child support retroactive to 1 month after the filing of the motion to modify. It says nothing about what information the motion must contain or what form it must take. It does not mention an affidavit or a worksheet as being required as a part of the motion. If the legislature had intended that a motion include such, it could have easily said so.

Obviously, our Supreme Court has determined by its rules that a party shall file the DRA and the affidavit with a motion for modification. Stacy invites us to conclude from this that no motion is filed until such is accomplished. We decline the invitation.

To so conclude would result in construing the rules to add a meaning to the statute that the statutory language does not contain, namely, that retroactivity cannot apply until after the affidavit and worksheet are filed. Stacy provides no case law on point for this leap in analysis, nor are we aware of any authority for it.

Additionally, our Supreme Court, in ruling on its capacity to supplement a statute, indicated in a somewhat analogous situation that it cannot by rule modify the statutory requirements necessary to provide it jurisdiction.

"We would violate the separation of powers doctrine if we were to use a court rule to expand our own jurisdiction by allowing more time in workers compensation cases to file a notice of appeal than the legislature has provided by statute in Chapter 44. [Citations omitted.] Further, *National Bank of Topeka v. State*, 146 Kan. 97, 99-100, 68 P.2d 1076 (1937), sets forth a longstanding rule that an appellate court cannot expand or assume jurisdiction where a statute does not provide for it. The Supreme Court's power to promulgate rules is limited to rules necessary to implement the court's constitutional and statutory authority and does

not include the power to expand that authority. See Kan. Const. art. 3, secs. 1, 3; K.S.A. 20-321." *Jones v. Continental Can Co.*, 260 Kan. 547, 558, 920 P.2d 939 (1996).

Stacy cites this court's opinion in *In re Marriage of Rohr*, No. 91,372, unpublished opinion filed October 29, 2004. The parties there disputed several child related issues. At one of the court hearings, the mother sought modification of child support payments to apply retroactively to the point at which a material change in circumstances occurred. However, not only had she failed to file a DRA and a worksheet, neither had she filed a motion. This court affirmed the district court's denial of a retroactive modification of child support because she had not filed the motion and had not followed the dictates of Supreme Court Rule 139. Slip op. at 8-9. *Rohr* is clearly distinguishable from the present case. Matthew did file a motion and even though he did not file a DRA with it, he eventually did so along with the worksheet.

Contrary to Stacy's argument, another unpublished opinion of this court, while not directly on point, persuasively provides an illustration of the purpose of Supreme Court Rule 139. In *In re Marriage of Holifield*, No. 95,773, unpublished opinion filed April 20, 2007, *rev. denied* 285 Kan. 1174 (2007), we stated in dicta that in cases where the opposing party fails to lodge an objection to the absence of a DRA, the technical failing does not render a child support order void. Slip op. at 17. And in a less analogous published case, a party's failure to comply with Supreme Court Rule 139 was not deemed fatal where the complaining party also failed to file a DRA. *In re Marriage of Ruth*, 32 Kan. App. 2d 416, 419, 83 P.3d 1248, *rev. denied* 278 Kan. 845 (2004).

These cases suggest the affidavit is for evidentiary purposes. As an evidentiary rather than jurisdictional matter, the lack of an affidavit can be cured, as Matthew did here, by later filing the DRA and the worksheet. By extension of that proposition then, it is only the motion that is necessary to confer jurisdiction on the court to modify child support. Then under K.S.A. 2009 Supp. 60-1610(a)(1), any modification can be made retroactive to at least 1 month after the filing of that motion.

We do not mean to trivialize the requirement that the parties to a child support dispute must comply with Supreme Court Rule 139. However, failure to comply is not an issue in this case as Matthew ultimately did file the required DRA and worksheet.

The district court did not err in finding it had authority to modify child support retroactive to 1 month after Matthew filed his motion on February 6, 2009, and then actually making the modification effective April 1, 2009.

Affirmed.