(371 P.3d 964)

No. 113,948

In the Matter of the Marriage of Brian Fuller, *Appellee*, and Christina Fuller, *Appellant*.

—

Opinion filed April 29, 2016.

*Casey R. Law*, of Wise & Reber, L.C., of McPherson, for appellant.

No appearances by appellee.

Before MALONE, C.J., MCANANY and POWELL, JJ.

POWELL, J.: Christina Fuller appeals the district court's order granting her former husband, Brian Fuller, a long-distance parenting time cost adjustment at a child support modification hearing she requested. Christina asserts two errors on appeal. First, she argues her procedural due process rights were violated because Brian had not given notice he was seeking a long-distance parenting time cost adjustment. Second, Christina argues the district court abused its discretion when it granted Brian the adjustment. We agree with Christina that her due process rights to adequate notice were violated when Brian failed to give any notice in advance of his intention to seek a long-distance parenting time cost adjustment and, therefore, vacate the district court's adjustment order and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Christina and Brian Fuller contentiously divorced in 2008. Christina was granted sole legal custody of the parties' five minor children, but Brian was granted supervised parenting time. Because the parties were having a difficult time reaching any agreement concerning their children, the case was assigned to case management. The case manager was tasked with making recommendations on parenting time schedules and supervision, among other things.

After the divorce, Christina relocated herself and the children to an undisclosed location in Missouri. Christina has refused to disclose the exact address to the case manager or the court because of her fears surrounding Brian's alleged verbal abuse and potential for physical violence. This move was permitted by the court; however, the divorce decree required Christina to keep Brian advised at all times of where the children lived. She has failed to do this.

Christina's move required her and Brian to travel to a supervised parenting time site in Leavenworth, Kansas, so Brian could exercise his parenting time. Relations between the Leavenworth facility and Christina became severely strained, however, because the

facility's staff had serious concerns that Christina was negatively influencing the children regarding their relationship with Brian. Due to this dysfunction, the case manager changed the location of the supervised parenting time in June 2009 to a facility in Lawrence, Kansas. From December 2008 to September 2009, Brian exercised his parenting time approximately every other weekend.

From a thorough review of the record, it appears that in September 2009 the case manager suspended the visits in Lawrence because "the children had gotten to a point where they would not even get out of the car for the visits." The facility's staff in Lawrence also expressed concerns to the case manager about "the extent to which the visits between [Brian] and the children were impeded because of a lack of cooperation from both the older children and their home." Unfortunately, the case manager's recommendation regarding parenting time is not included in the record on appeal and does not appear to have been entered with the court, contrary to the district court's original order appointing the case manager.

On June 14, 2011, once Brian's spousal maintenance obligations to Christina ended, the court trustee filed a motion to modify child support on Christina's behalf. That same day, signed domestic relations affidavits (DRAs) from both Christina and Brian were filed as well. No proposed child support worksheet was filed contemporaneously with the motion. There was nothing contained in Brian's DRA to indicate that a long-distance parenting time cost adjustment was being requested.

A hearing on Christina's motion to modify child support was held on July 27, 2011, before a magistrate judge. Christina did not appear personally but was represented by the court trustee. Brian was present with his counsel. At the beginning of the hearing, the court trustee advised the court that he had spoken with Brian's counsel just prior to the hearing and that the parties were in agreement with all of the figures on the worksheet except that Brian was requesting a parenting time cost adjustment. Brian's counsel then orally requested the adjustment and presented to the court a proposed child support worksheet reflecting a long-distance parenting time cost adjustment of $324 per month. In support of this figure, counsel proffered the miles between Brian's home in

McPherson, Kansas, and the visitation facility in Lawrence, totaling 158 miles, and the Internal Revenue Service's then-current mileage reimbursement rate of 51 cents per mile, to arrive at the $324 adjustment for Brian's bimonthly trips to Lawrence to exercise his court-ordered parenting time.

Through the proffer, however, Brian's counsel notified the court that he had only successfully exercised his parenting time once in the past calendar year; moreover, he did not indicate that the visitation had apparently been suspended by the case manager, although the case manager's recommendation had not become the order of the court. While the magistrate judge was conflicted in awarding the adjustment for parenting time that was not regularly occurring, based upon the proffer he found that Brian was not voluntarily failing to exercise his parenting time. Instead, it was Christina's bad acts—namely her interference with the parenting time, negative influence on the children, and refusal to follow the court order for Brian's parenting time—that prevented Brian from regularly exercising parenting time. The court made it clear to Brian that if he was not exercising his parenting time voluntarily then he was not entitled to the adjustment. The court set Brian's monthly child support obligation at $1,974, which included the long-distance parenting time cost adjustment. Christina appealed this modification to the district court.

For reasons unknown to us, the appeal languished in the district court for some 4 years without resolution until April 27, 2015. Before the district court, Christina argued she was denied procedural due process by not having advance notice that Brian would be asking for a long-distance parenting time cost adjustment at the hearing and that the magistrate court abused its discretion when giving Brian such an adjustment.

Specifically concerning Christina's due process claims, the district court stated that the modification of child support was invoked by Christina when the court trustee filed a motion to modify support per her request. Moreover, the court observed that since Christina was the one who had created an issue of travel expenses by moving to Missouri, it should not have been unanticipated or surprising to her that they might have been raised at a hearing dealing with potential modification of child support. The court held

that by not personally appearing at the hearing she in effect waived her right to be heard on a normal and expectable consideration in setting child support. The district court rejected Christina's due process claim and affirmed the magistrate's order granting Brian the long-distance parenting time adjustment.

Curiously, as a result of Brian becoming unemployed and prior to the district court considering Christina's appeal of the magistrate's order, Brian filed a separate motion to modify child support on April 14, 2015. Surprisingly, the proposed child support worksheet attached to his motion did not include a long-distance parenting time cost adjustment, but it did reduce Brian's child support obligation roughly in half. The district court approved this modification on the same day it affirmed the magistrate's order. Brian's separate child support modification request is not before us on appeal.

Christina timely appeals the district court's order granting Brian a long-distance parenting time cost adjustment to his child support obligation.

## WERE CHRISTINA'S PROCEDURAL DUE PROCESS RIGHTS VIOLATED AT THE CHILD SUPPORT MODIFICATION HEARING?

Christina first argues her due process rights were violated because she did not receive advance notice that Brian would be seeking a long-distance parenting time cost adjustment. The question of what process is due in a given case is a question of law, meaning our scope of review is unlimited. *Murphy v. Nelson,* 260 Kan. 589, Syl. ¶ 2, 921 P.2d 1225 (1996).

The Fourteenth Amendment to the United States Constitution provides that no State "shall deprive any person of life, liberty, or property, without due process of law." "A due process violation can be established only if the claimant is able to establish that he or she was denied a specific procedural protection to which he or she is entitled." *State v. Wilkinson,* 269 Kan. 603, 609, 9 P.3d 1 (2000). "Due process requires that notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *In re L.S.,* 14 Kan. App. 2d 261, 263, 788 P.2d

875 (1990) (quoting *Mullane v. Central Hanover B. & T. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865, [1950]). This includes giving the party "a reasonable time to prepare a defense to the litigation." *In re H.C.*, 23 Kan. App. 2d 955, 961, 939 P.2d 937 (1997).

In recognition of these principles, our Supreme Court has stated that "[g]enerally a proper motion, notice to the adverse party and an opportunity to be heard are prerequisites to a modification of a child support order." *Brady v. Brady*, 225 Kan. 485, 489, 592 P.2d 865 (1979); see also *Strecker v. Wilkinson*, 220 Kan. 292, 296, 552 P.2d 979 (1976) ("Due process requires reasonable notice even in the absence of an express statutory provision requiring such notice."). Therefore, it would appear to be easy to conclude that the district court violated Christina's due process rights to adequate notice by granting Brian's child support modification without first requiring Brian to file a motion requesting a long-distance parenting time cost adjustment along with his DRA and his proposed child support worksheet. See Supreme Court Rule 139 (2011 Kan. Ct. R. Annot. 228).

Complicating this analysis, as the district court noted, was the fact that the issue of modifying child support was already before the court on Christina's motion to modify. The district court held that this fact, plus Christina's act of moving to another state, already apprised her that the issue of long-distance parenting time costs could be an issue at any child support modification hearing, meaning she had adequate notice. We disagree.

First, as we have already stated, our Supreme Court has held that any effort at modifying child support requires the filing of a motion, notice to the other party, and an opportunity to be heard. Second, rules promulgated by our Supreme Court also require that a party opposing a motion to modify provide some sort of notice of a dispute. Under the current version of Supreme Court Rule 139(f) (2015 Kan. Ct. R. Annot. 238), a person challenging a motion to modify a support order is explicitly required to file and serve a DRA and proposed child support worksheet prior to the hearing on the motion to modify. The version of the rule in effect in 2011—the hearing before the magistrate was held on July 27, 2011—is

not quite as explicit but strikes us as sufficiently clear. It states in relevant part:

"(e) Any party challenging a support order of the court or facts contained in the Domestic Relations Affidavit shall file a similar affidavit at the time of filing the party's response, answer, or motion for modification.

"(f) A party filing a motion to modify an existing order of support shall serve a copy of the Domestic Relations Affidavit along with the motion on the adverse party. *Any person challenging a motion to modify an existing support order or the facts contained in the movant's affidavit shall file and serve a similar affidavit prior to the hearing on the motion to modify.*

"(g) Where child support is required, a Child Support Worksheet shall accompany the Domestic Relations Affidavit." (Emphasis added.) Supreme Court Rule 139(e)-(g) (2011 Kan. Ct. R. Annot. 229).

It is clear to us that the Supreme Court requires advance notice of any party's desire to modify child support, and it also requires a party opposing a modification of child support to apprise the proponent in advance of any area of possible disagreement, whether it be a dispute concerning any fact contained in the proponent's DRA or any dispute with regard to the calculation of child support which would be revealed in the opposing party's child support worksheet. See *In re Marriage of Jones*, 45 Kan. App. 2d 854, 856-57, 268 P.3d 494 (2010) (rules of construction for Supreme Court rules).

While a good argument could be made that Brian's request for a long-distance parenting time cost adjustment constituted his own separate request for modification requiring the filing of a separate motion, we need not answer that question because even a party opposing a motion to modify must file a DRA and a child support worksheet in advance. In the present case, Brian's DRA was filed on the same day as the court trustee filed the motion on Christina's behalf, but no child support worksheet was ever filed and served by Brian—a worksheet which presumably would have shown an adjustment for long-distance parenting time costs. In fact, no advance notice of any kind was provided by Brian of his intent to seek a child support adjustment as we regard Brian's counsel orally informing the court trustee just before the hearing as not being advance notice. If Brian had done so, Christina and the court trustee would have been on notice of Brian's request, and Christina could have had the opportunity to be personally present at the hearing

and rebut the proffer of evidence presented by Brian's counsel. To us, this is the essence of adequate notice required by the Due Process Clause of the Fourteenth Amendment.

Accordingly, we hold that the portion of the district court's child support order granting Brian's long-distance parenting time cost adjustment is void due to the fact that Christina did not receive adequate notice of Brian's request in violation of her due process rights. The district court's order is vacated, and the matter is re-manded for a de novo hearing before the district court concerning Brian's request for a long-distance parenting time cost adjustment. We need not consider Christina's complaints as to the merits of the district court's ruling as they are now moot.

Vacated and remanded.