NOT DESIGNATED FOR PUBLICATION

No. 126,566

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
K.C.,
*Appellee*,

and

C.C.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL W. BURMASTER, judge. Submitted without oral argument. Opinion filed June 28, 2024. Affirmed.

*Kelli Cooper*, of Olathe, for appellant.

*Joseph W. Booth*, of Lenexa, for appellee.

Before BRUNS, P.J., HILL, J., and MARY E. CHRISTOPHER, S.J.

PER CURIAM: Father appeals the district court's decision affirming the ruling of an administrative hearing officer setting the start date for Mother's child support obligation. The hearing officer's ruling was based on Father's failure to file a child support worksheet with his motion to modify. On appeal, Father argues the district court erred in selecting the start date for Mother to begin paying child support because it left the minor children without support for a 13-month time period.

1

In Kansas, it is within the purview of the district court to establish the effective date of its child support order. It is also not our role to replace our judgment for that of the administrative hearing officer or the district court on discretionary questions. Based on our review of the record on appeal, we find that the administrative hearing officer and the district court acted within the boundaries of their discretion. Thus, we affirm.

FACTS

Mother and Father were divorced in Oklahoma in 2012. Because their children—who were born in 2006 and 2007—resided primarily with Mother at that time, Father was ordered to pay child support. Unfortunately, the parties were engaged in litigation in Oklahoma regarding a variety of parenting issues over the years that are not material to the limited issue presented in this appeal.

In April 2019, the divorce case was registered in the Johnson County District Court after Mother moved with the children to Kansas. At the time, Father lived in Missouri. After the case was registered in Kansas, the parties submitted an agreed order modifying child support.

It appears that Mother petitioned for protection from abuse against her then husband—who is a registered sex offender— on October 21, 2021. She alleged that her husband had sexually abused one of the children. After Father learned that the Mother's new husband had been arrested, Father also filed a petition for protection from abuse on behalf of the children and was granted temporary residency under a protection from abuse order.

On December 2, 2021, Father moved to modify custody, residency, parenting time, and child support. In his motion, Father requested sole legal custody of the children and requested that "Mother should be ordered to pay Father child support pursuant to his

Child Support Worksheet filed herein." However, it is undisputed that Father failed to file a child support worksheet at that time. Although Father's motion requested that his child support obligation end on December 31, 2021, he did not request an effective date for Mother's child support obligation to begin.

Subsequently, Father filed a domestic relations affidavit in which he claimed he had no income. Still, he did not file a child support worksheet. Although it is difficult to ascertain with certainty what happened in this case over the next year in the record provided to this court, Father's motion was finally heard by an administrative hearing officer on February 1, 2023. At the evidentiary hearing, the hearing officer noted that he could not find any child support worksheet filed by Father in the record.

The parties then stipulated that Father owed $12,406.92 in past due child support. In addition, the parties agreed that Father's child support obligation ended December 31, 2021, and that Mother's child support obligation would be offset against his arrearage until the amount he owed was paid in full. After the stipulations were announced on the record, the hearing officer sought clarification regarding the parties' agreement.

In particular, the following exchange occurred regarding the effective date of Mother's child support payments:

"THE COURT: So if a support obligation is established requiring (Mother) to pay support, would it commence January 1, 2022?

"[FATHER'S ATTORNEY]: Correct, and I think that's agreed.

"[MOTHER'S ATTORNEY]: I think that's their position.

"That's not going to be our position, but we do agree that his child support obligation per the Oklahoma order ended 12-31 of '21. We do agree with that."

Furthermore, Mother's counsel argued:

3

"[MOTHER'S ATTORNEY]:  You correctly noted that . . . although [Father] filed a motion in December of 2021, . . . . through today's date [he] has not filed the required child support worksheet per Rule 139.

"And I quote that rule, and this is in Rule 139(e)(2), motion to modify support order, says a party filing a motion to modify a support order must—so it's mandatory, that the child support worksheet accompany the DRA."

Mother's counsel represented to the hearing officer that Father had still not filed the required child support worksheet with the clerk of the district court, and the child support worksheet had merely been included in the exhibits produced at the hearing that day. Because the child support worksheet had not been filed with Father's motion to modify child support, Mother's attorney asked that the date of the hearing be set as the effective date for her child support obligation to commence. In addition, Mother's counsel pointed out that under K.S.A. 23-3005(b), the effective date of the modification was left it to the court's discretion and argued that it would be inequitable to make her child support obligation effective as of January 1, 2022, because Father had failed to make reasonable efforts to pay his child support obligation.

After taking the matter under advisement, the administrative hearing officer entered an order on February 6, 2023. The hearing officer adopted the parties' agreement as to the amount of Father's arrearage and ordered that it be offset against the Mother's child support obligation until satisfied. The hearing officer also set Mother's child support obligation at $1,204 per month. Significant to this appeal, the hearing officer ordered that Mother's child support obligation become effective on the date of the hearing. In making this determination, the hearing officer noted:  "The support worksheet required by Supreme Court Rule 139 was filed with the Court this date."

Although the administrative hearing officer granted Father's motion for rehearing, it reaffirmed its ruling regarding the effective date for Mother's child support obligation to begin. Father then sought review by the district court under Johnson County District

4

Court Rule 26(13)(a)(ii). On April 13, 2023, the district court found that the hearing officer did not abuse his discretion in setting the effective date of Mother's child support obligation and affirmed his determination.

Thereafter, Father timely filed a notice of appeal.

ANALYSIS

The sole issue on appeal is whether the district court erred in affirming the hearing officer's ruling regarding the effective date of Mother's child support obligation. Child support obligations in a divorce action are governed by statutes enacted by the Kansas Legislature as well as by guidelines established by the Kansas Supreme Court. See K.S.A. 23-3001 et seq. (governing court's obligation and authority to make provisions for child support); K.S.A. 20-165 (mandating Supreme Court to adopt rules establishing child support guidelines); Kansas Child Support Guidelines, Administrative Order No. 2023-RL-080 (2024 Kan. S. Ct. R. at 101).

Under Johnson County District Court Local Rule 26(13)(a)(ii) and Kansas Supreme Court Rule 172(h) (2024 Kan. S. Ct. R. at 237), the district court is to apply an abuse of discretion standard in reviewing an administrative hearing officer's ruling on a motion to modify child support. Likewise, we review the district court's decision for abuse of discretion. See *In re Marriage of Johnson*, 50 Kan. App. 2d 687, 691, 336 P.3d 330 (2014). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *In re Spradling*, 315 Kan. 552, 590, 509 P.3d 483 (2022).

Notwithstanding, to the extent that we are required to interpret the Kansas Child Support Guidelines, our review is unlimited. *In re Marriage of Brand*, 273 Kan. 346, 350, 44 P.3d 321 (2002); *In re Marriage of Dean*, 56 Kan. App. 2d 770, 773, 437 P.3d 46

(2018). In addition, statutory interpretation presents a question of law over which we exercise unlimited review. *In re Marriage of Shafer*, 317 Kan. 481, 484, 531 P.3d 524 (2023). In interpreting the applicable statutes and guidelines, we are to first look to the language used. Only if that language is ambiguous are we to examine legislative history or look to the rules of statutory construction. *In re Marriage of Brown*, 295 Kan. 966, 969, 291 P.3d 55 (2012); see *Chalmers v. Burrough*, 314 Kan. 1, 8, 494 P.3d 128 (2021).

Under K.S.A. 23-3005(b), orders modifying child support may be ordered "retroactive to the first day of the month following the filing of the motion to modify." A retroactive order of support is what Father is requesting here. Certainly, the administrative hearing officer and the district court had the discretionary authority under this statute to grant Father's request for a retroactive effective date for Mother's child support obligation to commence. But the plain language of the statute did not require them to do so.

K.S.A. 23-3002(b) requires that a domestic relations affidavit and a child support worksheet to be filed in any motion requesting a child support order or a modification of child support. This requirement also exists in Supreme Court Rule 139(b) and (c) (2024 Kan. S. Ct. R. at 217). The purpose of the requirement is to give advance notice regarding what each party is claiming regarding their income, expenses, and amount of child support requested. See *In re Marriage of Fuller*, 52 Kan. App. 2d 721, 726, 371 P.3d 964 (2016).

Here, it is undisputed that although Father moved to modify child support on December 2, 2021, he did not comply with the requirement to submit his child support worksheet until February 1, 2023. We agree that failing to file a child support worksheet contemporaneous with the filing of a motion to modify child support is not—in and of itself—a fatal error. See *Jones v. Jones*, 45 Kan. App. 2d 854, 857, 268 P.3d 494 (2010). This is because the district court continues to have the discretion under K.S.A. 23-

3005(b) to order child support "retroactive to the first day of the month following the filing of the motion to modify."

Based on our review of the record on appeal, we find that neither the administrative hearing officer nor the district court made a mistake of law. Moreover, we find that neither based their decision on an error of law. Instead, the determination of the effective date of Mother's child support obligation was a matter that fell within the sound discretion of the hearing officer and ultimately upon the district court.

In light of Father's 14-month delay in filing his child support worksheet, we do not find that the decisions of the administrative hearing officer and the district court regarding the effective date of Mother's child support obligation to be arbitrary, fanciful, or unreasonable. This is especially true in light of Father's significant arrearage in child support payments owed to Mother. Nevertheless, we would caution hearing officers and district courts about leaving children without a child support order in place for long periods of time. Under the unique circumstances presented, we find that each party should pay his or her own attorney fees, and we deny Mother's motion under Kansas Supreme Court Rule 7.07(b) (2024 Kan. S. Ct. R. at 52) to recover her appellate attorney fees from Father.

Affirmed.