State, *ex rel.,* v. Miley.

---

No. 26,634.

The State of Kansas, ex rel., *Appellant,* v. Jess W. Miley, State Superintendent of Public Instruction, et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. Schools—*Formation of Rural High School District—Preliminary Proceedings.* The preliminary steps to secure the approval of the boundaries of a proposed rural high-school district by the county superintendent and the board of county commissioners under section 72-3501 of the Revised Statutes are informal, and a petition or application signed by residents or voters of the proposed district asking for such approval is not necessary.

2. Injunction—*Public Officer—Illegal Acts—Commencement of Action.* An action by the state to restrain an officer from proceeding illegally may be commenced whenever the officer threatens to or is about to proceed in that manner.

3. Schools—*Formation of Rural High School District—Authority of State Superintendent.* The state superintendent of public instruction has no authority to approve the boundaries of a proposed rural high-school district situated in two or more counties until the county superintendents and county commissioners of the counties fail to agree on the approval of the boundaries.

4. Venue—*Residence of Parties—Joint Defendants.* In an action to enjoin the state superintendent of public instruction and the county superintendents and the boards of county commissioners of two or more counties from proceeding illegally in the formation of a rural high-school district, the state superintendent of public instruction may be sued with the other defendants in any one of the counties in which some of the defendants may be served and in which the proposed rural high-school district may be situated.

Appeal from Woodson district court; Robert E. Cullison, judge. Opinion filed February 6, 1926. Reversed.

*Leo W. Mills,* county attorney, *Joe Rolston,* of Burlington, *G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellant.

*Charles B. Griffith,* attorney-general, *W. C. Ralston,* assistant attorney-general, *W. C. Harris* and *Owen S. Samuel,* both of Emporia, for the appellees.

---

Schools and School Districts, 35 Cyc. pp. 837 n. 6, 861 n. 72. Venue, 40 Cyc. p. 101 n. 2; 27 R. C. L. 788, 804.

21—120 Kan.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to enjoin Jess W. Miley from hearing an appeal concerning the organization of a proposed rural high-school district and to enjoin all the other defendants from in any manner participating in the further organization or attempt to organize the rural high-school district. A demurrer of all the defendants except Jess W. Miley and the county commissioners of Woodson county was sustained on the ground that the action was prematurely brought. The plaintiff appeals.

The petition alleges—

"That on or about the first day of December, 1924, the said defendant, George A. Allen, as county superintendent of public instruction of Coffey county, Kansas, and the defendants, the board of county commissioners of Coffey county, Kansas, wrongfully and without any legal authority for so doing, attempted to approve the boundaries of said alleged proposed Le Roy rural high-school district No. 4, Coffey county, Kansas, pretended to be bounded as set out in the action herein; that none of the legal electors of said pretended district ever petitioned or requested the said county superintendent or the said board of county commissioners of Coffey county, Kansas, to approve said boundaries; that the pretended action of the county superintendent and board of county commissioners as aforesaid was wrongful, unlawful and without any warrant or authority in law whatever."

The petition further alleges that the county superintendent of Anderson county and the board of county commissioners of that county unlawfully approved the boundary lines of the proposed rural high-school district; that no request or petition was presented by any elector of the proposed rural high-school district to the superintendent or to the board of county commissioners of Anderson county; that an appeal was taken to Jess W. Miley as state superintendent of public instruction on the ground that the county superintendents and boards of county commissioners of Anderson, Coffey and Woodson counties failed to agree on the boundary of the proposed rural high-school district; that there had in fact been no disagreement between those officers concerning the boundary; that "neither the county superintendent of public instruction of Woodson county, Kansas, nor the board of county commissioners of Woodson county, Kansas, have ever taken any action on said matter whatever, nor have they ever been given any opportunity to take any such action, nor has there ever been any matter concerning said pretended rural high school lawfully brought before the county superintendent

State, *ex rel.*, v. Miley.

of Woodson county, Kansas, or the board of county commissioners of said county or either of them"; that Jess W. Miley threatens to and will assume jurisdiction and hear the appeal and pass on it and deprive the county superintendent and board of county commissioners of Woodson county of having any voice in the matter; that the defendants, unless restrained, will procure the unlawful approval of the boundaries of the proposed rural high-school district and will proceed to unlawfully locate and maintain a rural high school therein; that the legal electors named as defendants threaten to and will, unless restrained, proceed to take an enumeration of the legal electors of the proposed district and unlawfully circulate petitions asking the board of commissioners of Coffey county to call a special election; that the greatest portion of the territory comprising the alleged proposed rural high-school district lies in Coffey county; that the board of county commissioners of Coffey county, acting in conjunction with the electors of the proposed rural high-school district threaten to and will, unless restrained, levy taxes on the property embraced within the proposed district; that the proposed rural high-school proposition is entirely without warrant or authority of law and, if allowed to continue, will cause great loss and damage to the people of Coffey, Woodson and Anderson counties affected by the location of the proposed rural high-school district; that Coffey county is operating under the Barnes high-school law; that school district No. 13 is a part of the proposed rural high-school district and is now and has been for many years operating an accredited high school under the Barnes high-school law; that the rural high-school law under which it is proposed to organize the rural high-school district is not adaptable to schools operating under the Barnes high-school law; that the cited section 72-3501 and subsequent sections of the Revised Statutes authorizing the organization of rural high-school districts is unconstitutional for the reason that it confiscates the property of citizens without due process of law and creates an unequal burden of taxation upon the taxpayers within its limits.

The board of county commissioners of Woodson county answered, admitting the allegations of the petition. Jess W. Miley demurred on the ground that the court had no jurisdiction of him and that he could be sued as superintendent of public instruction in the courts of Shawnee county only. All the other defendants demurred on the grounds that the court had no jurisdiction of the parties; that the

court had no jurisdiction of the subject matter; that the amended petition showed the action was prematurely. brought; and that the amended petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff. The judgment on the demurrer recites:

"It is therefore by the court considered, ordered and adjudged that the demurrer interposed by the defendants herein be sustained on ground that action is prematurely brought."

1. The plaintiff contends that because no petition or request of any elector of the proposed rural high-school district was presented to the county superintendent of Coffey county or to the board of county commissioners of that county or of Anderson county, or of Woodson county, no officer had any authority or jurisdiction to take any steps toward the organization of a rural high-school district.

The defendants contend that what was done was preliminary to taking legal steps toward the organization of such a district. They argue that until those legal steps were taken, no action could be properly brought. Section 72-3501 of the Revised Statutes reads:

"The legal electors residing in territory containing not less than sixteen square miles shall have authority to form a rural high-school district, whose boundaries shall have been approved by the county superintendent of public instruction and by the board of county commissioners of each county in which any part of such proposed district shall be situated, or by the state superintendent of public instruction in case the county superintendents and boards of county commissioners of two or more counties shall fail to agree on the approval of the boundaries of the proposed district, and to establish, locate and maintain therein a rural high school as hereinafter provided."

That statute does not prescribe what shall be the preliminary steps toward the organization of a rural high-school district. It leaves those steps to be taken in any manner by any person who is interested in the formation of such a school district. A part of the succeeding section (72-3502) should be noticed. The material part of that section reads:

"Whenever a petition, signed by two-fifths of the legal electors residing in the territory of the proposed rural high-school district, to be determined by an enumeration taken for this purpose by any legal elector residing in said territory and by him certified under oath to the county commissioners, shall be presented to the board of county commissioners of the county in which lies the greatest portion of territory comprising said district, reciting the boundaries of said proposed district and the approval thereof."

This section does not prescribe the methods by which the pre-

liminary steps shall be taken. It begins with a petition signed by the legal electors residing in the proposed high-school district, those electors having been previously ascertained by someone who has taken an enumeration; and the section further provides that the boundaries of the district shall be recited and that the petition shall show that those boundaries have been approved in the manner prescribed by section 72-3501.

2. Was the action prematurely brought? It was brought by the state, not by a private citizen. When any officer under the laws of the state undertakes to act as such and acts illegally, the state may immediately commence suit to restrain such illegal action and to compel legal action. The state has the right through its proper officers to commence such a suit at any time; even if the questioned acts are legal and proper, the right of the state to commence the action is not affected. Such an action can be commenced. If no cause of action exists, another matter is presented, but that is not the question now under consideration. The present action was not prematurely brought.

3. The petition alleges that no application was ever made to the county commissioners of Woodson county or to the county superintendent of that county for the approval of the boundaries of the proposed rural high-school district; that the boards of county commissioners and the county superintendents of Coffey and Anderson counties had illegally approved those boundaries; that there had been no disagreement concerning those boundaries so far as the officers of Woodson county are concerned; and that an appeal has been taken to the state superintendent of public instruction who threatens to act on that appeal and will do so unless restrained.

The state superintendent of public instruction has no authority to act until there has been a disagreement between the county superintendents and boards of county commissioners of two or more counties concerning the boundaries of the proposed rural high-school district. (R. S. 72-3501.) Under the allegations of the petition, the state superintendent of public instruction was undertaking to act without authority, and the state could maintain an action to restrain him.

4. There is another question not embraced in the judgment but which is argued in the briefs, and that question is the jurisdiction of the court over the state superintendent of public instruction. He argues that he can be sued in Shawnee county only. He cites

section 60-503 of the Revised Statutes of 1923, which reads, in part, as follows:

"Actions for the following causes must be brought in the county where the cause, or some part thereof, arose:  . . .

"Second.  An action against a public officer for an act done by him in virtue or under color of his office, or for neglect of his official duties."

Part of this cause of action arose in Woodson county.  Section 60-509 of the Revised Statutes should be noticed.  That section reads:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned."

Some of the defendants were officers in Woodson county and resided in that county.  They as well as the state superintendent of public instruction were proper parties to the action.  Jurisdiction over one of the defendants residing in Woodson county gave jurisdiction over all of them.

The judgment is reversed.