STATE of Oklahoma ex rel. DEPARTMENT OF CORRECTIONS, Petitioner,

v.

Honorable Jack BROCK, Judge of the District Court of Comanche County, State of Oklahoma, Respondent.

No. 46722.

Supreme Court of Oklahoma.

July 31, 1973.

Larry Derryberry, Atty. Gen., Todd Markum, Asst. Atty. Gen., for petitioner.

Nicklas, Parrish, Saenz & Wade, Lawton, for respondent.

SIMMS, Justice:

This is an original proceeding wherein the petitioner, defendant in the trial court, seeks to prohibit respondent judge from further proceedings in the trial court. Petitioner asserts that the respondent lacks venue and that venue is properly in Oklahoma County.

Petitioner, State Board of Corrections, leased certain real property near Lawton, in Comanche County, Oklahoma, upon which is situated a warehouse. Petitioners modified the warehouse to enable the facility to be used as a prison pre-release center.

Plaintiffs in the action below sought an injunction against the Department of Corrections. Plaintiffs complained that the pre-release center constituted a nuisance in that the sewer servicing the facility emptied into an open sewage lagoon which backed up to the property of some of the plaintiffs and was obnoxious to other adjacent landowners.

The sole issue before this Court is whether venue properly exists in Comanche County.

Petitioner relies on 12 O.S.1971, § 133, in arguing that venue properly lies in Oklahoma County; whereas, plaintiffs in the Comanche County action argue that 12 O.S.1971, § 131, applies to place venue in Comanche County.

Section 133, supra, provides:

"Actions for the following causes must be brought in the county where the

cause, or some part thereof, arose: . . . Second. An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties."

Section 131, supra provides:

"Actions for the following causes must be brought in the county in which the subject of the action is situated . . . 1st, For the recovery of real property, or any estate or interest therein, or the determination in any form of any such right or interest."

This Court has considered the applicability of 12 O.S. § 133 in determining venue in suits against public officers in State v. District Court of Nowata County, Okl., 340 P.2d 939 (1959), and, State v. District Court of Bryan County, Okl., 290 P.2d 413 (1955). In the latter case, this Court held that it was the decision of the Board of Education that was being complained of although the suit sought to enjoin specific acts of the Board being carried out in Bryan County. The situs from which the acts complained of were held to have emanated from Oklahoma County, the official residence of the Board. Likewise, in the Nowata County case, venue was held to properly lie in Oklahoma County, the official residence of the State Dry Cleaners' Board. This Court stated:

". . . Since the cause of action arises where the neglect or refusal on the part of the public official takes place, it might be argued that the alleged neglect in this case took place in Nowata County where the Board failed to hold the hearing. However, we are of the opinion that in an action for mandamus the cause of action arises in the county where the public official officially resides. It is at that place where he officially refuses to act or neglects to act." State v. District Court of Nowata County, supra.

The Court cited with approval the case of State ex rel. Cowan v. State Highway Commission, 195 Miss. 657, 13 So.2d 614, 616, which held in an action to compel the State Highway Commission to reimburse a county for a bridge that venue was located in the County of the official residence of the Highway Commission. The Mississippi court, as stated in the Nowata County case, said:

"Mandamus is a purely personal action. The entire object of the proceeding herein is to require personal action by the commission. The fact that the property to be appraised is located in Hancock County does not give that action a local situs in that county. * * *."

In the Bryan County case, Justice Blackbird traced the history of 12 O.S.1971, § 133 and found that since our statute was *identical* to the Kansas Statute that "the decisions of the highest court of that sister State, where pertinent, should be persuasive on said question." State v. District Court of Bryan County, supra, 290 P.2d at 416–417.

The Supreme Court of Kansas has construed statutes identical to 12 O.S.1971, § 131 and § 133 in Huerter v. Hassig, 175 Kan. 781, 267 P.2d 532 (1954). In that case, an action was instituted in the trial court by landowners to compel the state fish and game commission to remove an obstruction in a river which the commission constructed in the building of a lake. The court held that the venue statute relating to the recovery of interests in real property was inapplicable and that the action was in personam since relief was sought against the acts of the commission. Venue was held to properly lie in Topeka, the official residence of the fish and game commission.

In the instant case, the act complained of is the "operation and maintenance" of the pre-release center and its open lagoon which serves as a sewer. The relief sought is a permanent injunction to prevent the Department of Corrections from carrying out its decision to operate the center. The action is an equitable one, and, like the Kansas case, has the purpose of enjoining an official state agency from performing an official act. This is not an

action to recover real property, nor for the determination of an interest therein. It is an action which operates in personam, and its object is to prevent the Department of Corrections from operating and maintaining a correctional facility. The decision to operate the pre-release center emanated in Oklahoma County, the county of the official residence of the Department of Corrections and the county from which the decision to operate the pre-release center emanated.

Application to assume original jurisdiction granted. Application for writ of prohibition granted.

DAVIDSON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.