519 P.2d 477 (1974)
The STATE of Oklahoma ex rel. the DIRECTOR OF the OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Petitioner,
v.
The Honorable Richard W. SMITH, Judge of the District Court of Ottawa County, State of Oklahoma, Respondent.
No. 46900.
Supreme Court of Oklahoma.
February 5, 1974.
Larry Derryberry, Atty. Gen., Steven E. Moore, Asst. Atty. Gen., Oklahoma City, for petitioner.
John R. Wallace, Ben T. Owens, Robert S. Gee, Miami, for respondent.
BERRY, Justice:
Petitioner, Director of the Oklahoma Alcoholic Beverage Control Board [the "Director"], requests this Court assume jurisdiction and grant a writ of prohibition prohibiting the trial judge from proceeding further against him in the action below which W.A. Sirkel, plaintiff below ["plaintiff"], filed in the District Court of Ottawa County against the District Attorney, the Sheriff of Ottawa County, and the Director requesting injunctive relief against enforcement of Oklahoma's open saloon laws.
The petition in the action below alleges plaintiff owns and operates a club, defendants have invidiously discriminated against him by causing his club to be raided, criminal charges to be filed against him, and threatening future actions against him without taking similar actions, or making similar threats, against other persons engaged in the same business and performing the same acts. The petition alleges the open saloon laws are unconstitutional on their face and are enforced in an unconstitutional manner and requests the trial *478 court to enjoin defendants from further harassment, raids, arrests or trials directed against plaintiff as result of any alleged violations of the open saloon laws.
The sole question presented is whether venue is proper as to the Director in Ottawa County.
The applicable venue statute, 12 O.S. 1971 § 133, provides in part as follows:
"Actions for the following causes must be brought in the county where the cause, or some part thereof arose:
. . . . . .
"Second. An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties."
The parties agree the Director is a public officer, this action is brought against him for an act done by him in virtue or under color of his office, his official residence is in Oklahoma County, and the venue of the cause of action against other defendants does not establish venue of the cause of action against the Director.
On oral argument before this Court it was not contended the Director had personally committed any acts in Ottawa County, but that agents of the Alcoholic Beverage Control Board had participated in the raid upon plaintiff's place of business.
The Director contends his official residence is in Oklahoma County; decisions by him concerning the enforcement or non-enforcement of the alcoholic beverage control laws necessarily emanate from his office in Oklahoma County, and therefore any cause of action against him arose in Oklahoma County, citing State v. District Court of Bryan County, Okl., 290 P.2d 413; State v. District Court of Nowata County, Okl., 340 P.2d 939; and State ex rel. Department of Corrections v. Brock, Okl., 513 P.2d 1293.
Plaintiff contends the cited cases are distinguishable because in each case the court determined the cause of action arose in Oklahoma County while in the present case agents of the Alcoholic Beverage Control Board were present in Ottawa County, the acts of which complaint is made were performed in Ottawa County, and injunctive relief against future acts in Ottawa County is sought. He further contends where a state officer acts through his agents in a local county, and the acts give rise to a cause of action, it is the same as if the principal officer himself were present and performing the acts, and venue for the cause of action is in the county where the acts are performed, citing United Steelworkers of America, AFL-CIO v. Doyle, Ohio Com.Pl., 150 N.E.2d 334, reversed on other grounds, 168 Ohio St. 324, 154 N.E.2d 623.
In State v. District Court of Bryan County, supra, we stated:
"* * * In an action against a public officer, in what county, under Tit. 12, sec. 133, supra, does `the cause, or some part thereof' arise? We think the proper decision of this question in any given case depends considerably upon its particular facts and character. * * *"
The petition in this case alleges two grounds as a basis for the injunction open saloon laws are unconstitutional (1) on their face and (2) due to the discriminatory manner in which they are enforced.
In State v. District Court of Nowata County, supra, we stated:
"* * * in the Bryan County case we specifically held that in an action to enjoin a State Board from enforcing an alleged unconstitutional statute, the cause of action arises in the county of the Board's official residence; and therefore by force of 12 O.S. 1951 § 133, the action must be brought in such county. The fact that in the course of administering the act here involved the Board may proceed independently in the various counties is immaterial."
Therefore, insofar as concerns the allegation open saloon laws are unconstitutional on their face, we conclude the action *479 against the Director must be brought in the county of his official residence, Oklahoma County, and the fact the agents acted in Ottawa County is immaterial.
Any discriminatory enforcement of the open saloon laws by agents of the Alcoholic Beverage Control Board necessarily results from either a decision by the Director, or Board, to enforce the law in a discriminatory manner, or, a failure to ensure the agents are enforcing the law in a non-discriminatory manner.
Any decision by the Director to enforce the law in a discriminatory or non-discriminatory manner emanated from the county of his official residence, Oklahoma County, and therefore any cause of action arising out of that decision arose in Oklahoma County. State ex rel. Dept. of Corrections v. Brock, supra. This is so even though acts taken pursuant to that decision occurred in Ottawa County. State ex rel. Dept. of Corrections v. Brock, supra.
Likewise, any cause of action arising from the Director's neglect to ensure the agents enforce the law in a non-discriminatory manner arises in the county where the neglect occurs, such county being the county where the Director officially resides, Oklahoma County. State v. District Court of Nowata County, supra.
Plaintiff relies upon the Ohio case of United Steelworkers of America, AFLCIO v. Doyle, supra, wherein the court construed a statute identical to § 133, supra, for the proposition a part of the cause of action arose in Ottawa County because the agents committed certain acts there.
That case held the acts of a deputy administrator of unemployment compensation in Mahoning County were the acts of the administrator, even though the administrator officially resided in another county, and therefore held the cause against the administrator arose in Mahoning County. However, that case is distinguishable because there a statute authorized the administrator to create a branch office in Mahoning County and specifically provided any order made by an authorized deputy was the order of the administrator. The court therefore held the cause of action arose in Mahoning County stating:
"* * * it is clear that the administrator in the doing of the acts complained of is legally present in Mahoning County and hence the cause of action arose here. Every order made by his authorized deputies in this county is his order and made by him by operation of the statute right here in this county. * * *" [emphasis supplied]
We conclude the present case is distinguishable because no similar statute is involved.
Application to assume original jurisdiction granted. Application for writ of prohibition granted.
DAVISON, C.J., WILLIAMS, V.C.J., and IRWIN and SIMMS, JJ., concur.
LAVENDER, J., concurs by reason of stare decisis.
HODGES, BARNES and DOOLIN, JJ., dissent.
DOOLIN, Justice (dissenting).
The majority of this Court fails to appreciate a very salient difference between the facts in the instant case and those in State v. District Court of Bryan County (Okl. 1955) 290 P.2d 413, and in State v. Nowata County (Okl. 1959) 340 P.2d 939. In both the Bryan County case and the Nowata County case, hereinafter referred to as County Cases, no overt act of the State's regulatory body or its agents had taken place or been committed in either Bryan or Nowata County at the time the suits were brought. Obviously, in the case at bar, the County Sheriff, District Attorney, and agents of the Oklahoma Alcohol Beverage Control Board, hereinafter called ABC Board, had completed a raid or committed acts within Ottawa County upon the premises owned and occupied by the original plaintiff, W.A. Sirkle. In short, the record as it exists reveals that the action of the agents of the ABC Board was routine *480 enforcement and that they went into Ottawa County and aided the sheriff in closing down the operation of plaintiff's private club.
As a result of the action of the peace officers, Sirkle brought an action in the Ottawa County District Court against the local sheriff, the District Attorney, and the Director of the ABC Board. He based his cause of action against those persons on their acts in Ottawa County, claiming the same to be unconstitutional and illegal.
In both of the County Cases the plaintiffs attempted by their petitions to bring what might be considered declaratory judgment actions before the advent of 12 O.S. 1971, § 1651, et seq. In this connection I note that this Court in the Bryan County case stated the action was brought "to declare null and void ... a portion of the ... Oklahoma School Code." It is to be noted again that in the Bryan County case against the State Board of Education no act had been performed in Bryan County by the State Board of Education. It may likewise be noted again that in the Nowata County case no acts had been committed nor had action been taken by the State Board of Dry Cleaning in Nowata County.
Majority cites the more recent case of State v. Brock, 513 P.2d 1293 (Okl. 1973), and Brock cites the Kansas case of Huerter v. Hassig, 175 Kan. 781, 267 P.2d 532 (1954). These last cited cases apparently present different fact situations from the County Cases in our opinion, at least at first blush. In Brock, the plaintiff sought to enjoin an operational prison pre-release center masking same behind a suit in mandamus to abate nuisance. Before leaving the Brock case, supra, I note an additional distinguishing and significant fact which renders Brock inconclusive of the question presented in the instant case.  Only the State Department of Corrections is named in the Brock or Comanche County case; there is no other party or agent of the Department of Corrections named as a defendant or agent, such as the district attorney of Ottawa County or the sheriff of Ottawa. This distinction is revealing and reinforces my conclusion that Brock is not applicable. When the plaintiff in Brock names only the Department of Corrections, he concedes, at least to me, that the Department is solely responsible for the acts complained of and the policy attacked. In Huerter, plaintiff sought removal of an obstruction in a river, said obstruction having been placed in the river by the Kansas Department of Forestry, Fish and Game, and having been maintained by said department for some period of time. Both cases are against agencies of the State administered, operated or maintained by a State agency from the capitol or from a State headquarters. In both, the thrust is against the State Board, and thus I believe them to be identical to the County Cases and not local actions such as is alleged in the case at bar.
I am further persuaded that in the Bryan County case, supra, this Court has not closed the door on the petitioner's position and argument, for we held:
"In an action against a public officer in what county, under Tit. 12, Sec. 133, supra, does `the cause, or some part thereof' arise? We think the proper decision of this question in any given case depends considerably upon its particular facts and character. ..." (Emphasis supplied)
The local action complained of his harassment and discrimination against the plaintiff and his business of a private club. The primary thrust in the instant case is not against the Board from which the action, such as in the previously cited cases, emanated but on the contrary, the action is brought to test the constitutionality of the liquor laws and to enjoin the alleged harassment and discrimination by the local sheriff, the district attorney, and agents of the ABC Board in aiding them.
Referring again to the majority, we find that they give great weight to the decisions of our sister state of Kansas in both the Brock and Bryan County cases. The majority *481 correctly points out that we are indebted to that state for 12 O.S. 1971, § 133. I would point out that we are also indebted for § 139 of Title 12 O.S. 1971, which Kansas thought applicable. The majority opinion overlooks an important decision of the Supreme Court of Kansas State, Lamb v. Miley (1926) 120 Kan. 321, 243 P. 262,[1] which held:
"An action by the state to restrain an officer from proceeding illegally may be commenced whenever the officer threatens to, or is about to, proceed in that manner.
In an action to enjoin the state superintendent of public instruction and the county superintendent and the board of county commissioners of two or more counties from proceeding illegally in the formation of a rural highschool district, the state superintendent of public instruction may be sued with other defendants in any one of the counties in which some of the defendants may be served and in which the proposed rural highschool district may be situated."
It is not difficult to substitute County Sheriff, District Attorney, and Director of the ABC Board for Superintendent, County Commissioner and State Superintendent. The instant case is even more ripe for this application since the alleged acts have been performed in Ottawa County whereas in the Miley case, supra, the acts are merely contemplated. I am further persuaded that the majority holding is in error after considering United Steelworker v. Doyle, Ohio Com.Pl., 150 N.E.2d 334 (1958), a case from the Supreme Court of Ohio which was construing a similar statute to 12 O.S. 1971, § 133. That Court said:
"* * * If the state officer acts within the local county upon the gist of the action, but through a duly authorized agent in that county, then he is actually legally present in the [latter] county and may be therein sued under a statute providing that actions against a public officer for an act done by him in virtue or under color of his office, or for neglect of his official duty, must be brought in county where cause of action or part thereof arose."
I am not unmindful of the distinction made by the majority which believes an additional Ohio statute (§ 4141.02 R.C.) which states:
(1) "* * * Every order made by one of his (unemployment administrator's) authorized deputies is the order of the administrator." and,
(2) The fact that under the Ohio unemployment law the administrator had the right to establish a branch office in the Local County where the acts took place, makes Doyle not applicable.
The quoted Ohio statute appears to be most similar to 12 O.S. 1971, § 133, for it speaks of "actions against a public officer for an act done by him in virtue, or under color, of his office, nor neglect of his official duties." This is pure § 133. Likewise the Ohio statute apparently encompasses that part of § 133 which states "actions ... must be brought in the County where the cause or some part thereof arose." The missing statutory authority supplying agency and venue, believed so necessary to the majority, I believe is supplied by the Oklahoma Alcohol Beverage Control Act (37 O.S. 1971, § 501 et seq.), fixing the duties of the Board and Director and more specifically by 37 O.S. 1971, § 512:
"* * * Such agents ... as the Board shall, by appropriate written commission, appoint, shall have all the powers and authority of peace officers of this State in making arrests ... connected with the enforcement of this Act issued by the Board or Director."
See also 37 O.S. 1971, § 509(a) (6), where ABC Board agents are granted power:
"To aid the enforcement authorities of this State or any county of the State, *482 ... in prosecutions of violations of this Act."
Lastly, I believe that the opinion of the majority is an impractical solution which results from a too literal application of the Oklahoma statutes herein discussed. The effect of the majority's opinion is to remove the State Director of the ABC Board from the case in Ottawa County; it properly does not prohibit further proceedings against the remaining defendants in the original action. The action of the majority does not prohibit the District Court of Ottawa County from testing the constitutionality of the liquor act or statutes, nor does the action of the majority make a final order of the District Court of Ottawa County any less binding on the ABC Board. At most, the majority opinion as it now stands, grants to the ABC Board and its Director a hollow or pyrrhic victory.
I am authorized to state that Justices HODGES and BARNES, concur in the views herein expressed.
NOTES
[1] See also to the same effect: Cecil, Director of Agriculture, v. The Superior Court (1943) 59 Cal. App.2d 793, 140 P.2d 125; and Montana-Dakota Utility Co. v. Public Service Commission of Montana (1940) 111 Mont. 78, 107 P.2d 533.