STATE of Oklahoma ex rel. the OKLA-HOMA TAX COMMISSION, Petitioner,

v.

The DISTRICT COURT OF NOWATA COUNTY, State of Oklahoma, and Glenn H. Chappell, Judge of the District Court of Nowata County, State of Oklahoma, Respondents.

No. 46864.

Supreme Court of Oklahoma.

Feb. 12, 1974.

Albert D. Lynn, E. J. Armstrong and Lester D. Hoyt, Oklahoma City, for petitioner.

Brewer, Worten & Robinett by Jesse J. Worten, Bartlesville, for respondents.

WILLIAMS, Vice Chief Justice.

In this proceeding we are asked to assume original jurisdiction and issue a writ of prohibition against the respondent judge commanding him to desist and refrain from attempting to exercise further jurisdiction over petitioner, State of Oklahoma ex rel. Oklahoma Tax Commission, in Case No. C–73–49 in the District Court of Nowata County, upon the ground that venue of the action does not lie in that county. The venue question is the controlling one herein.

In that case, Dean W. Daniels, Administrator with the Will Annexed of the Estate of William G. Jensen, deceased, as plaintiff sued the defendant, State of Oklahoma ex rel. Oklahoma Tax Commission, as defendant, for the recovery of $1898.76 pursuant to 68 O.S.1971, § 226. That section creates a cause of action and prescribes procedure to be followed by a taxpayer who seeks to recover tax moneys paid to the Oklahoma Tax Commission under protest. The money the administrator seeks to recover represents the amount of an "additional tax to absorb balance of 80% federal tax" assessed by the commission against the estate of decedent, and his petition in the district court raises constitutional questions. Under § 226(c) the action to recover such moneys may be brought "in any State or Federal Court having jurisdiction of the parties and the subject matter". Petitioner's objection to jurisdiction and motion to quash, specifically raising the venue question, were overruled by the trial court.

It may be conceded that there is no special statute prescribing the venue of actions brought pursuant to § 226; we must therefore look to our general venue statutes for the answer to the question presented. Petitioner argues that the applicable statute is 12 O.S.1971, § 133, which provides that the venue of an action against a public officer for an act done "in virtue, or under color, of his office" is in the county "where the cause, or some part

thereof, arose", and that since the Oklahoma Tax Commission's order assessing additional tax was entered at its office in Oklahoma City which, under applicable constitutional and statutory provisions, is the "seat of government", venue of the administrator's action is in Oklahoma County. In support of this argument, petitioner cites State of Oklahoma ex rel. State Board of Education v. District Court of Bryan County, Okl., 290 P.2d 413.

■ We agree with this line of argument. In the cited case this Court held that venue of an action against the State Board of Education raising constitutional questions concerning an amendment to the school code was in Oklahoma County and not Bryan County. The reasoning followed in that case is applicable and controlling here. It recently has been cited and followed by this Court in State ex rel. Department of Corrections v. Brock, Okl., 513 P.2d 1293.

Decedent, a former resident of Kansas, left estate in Kansas, Nebraska, Minnesota and Oklahoma. The Oklahoma estate consisted of interests in real estate located in Nowata County, Oklahoma. In a brief filed on behalf of the respondent by counsel for the administrator in the Nowata County action, it is argued that "venue of the Administrator's action is fixed by 12 O.S. 131 in Nowata County, Oklahoma, the subject of the action being determination of the extent of the lien of the Oklahoma Tax Commission or other encumbrance or charge against Nowata County real estate."

In this, counsel misconceives the nature of the administrator's action. The estate tax has been paid and no lien exists. The Tax Commission is making no effort to assert any charge against Nowata County real estate. Insofar as the question of venue is concerned the administrator's action is simply an action for the recovery of money—taxes paid under protest—under 68 O.S.1971, § 226. Under that section the action may be filed in any court *having jurisdiction* of the parties and the subject

matter. The subject matter in this case is money paid under protest pursuant to an order entered by the Tax Commission in Oklahoma City, and now being held by the Tax Commission in its official depository clearing account with the State Treasurer pursuant to § 226(b). Since no interest in real estate is involved, 12 O.S.1971, § 131, is clearly not the applicable venue statute.

The authorities cited in support of the proposition that venue of the administrator's action was in Nowata County are not deemed to be in point. In Kansas City v. Public Utilities Commission of Kansas, 103 Kan. 473, 176 P. 324, the court held in the syllabus that "Under the statute requiring an action against a public officer for an act done by him in virtue of his office to be brought in the county in which the cause or some part of it arose, the county in which the Public Utilities Commission is about to hear an application for a rate increase is a proper one in which to bring an action to enjoin such hearing on the ground of a want of jurisdiction." In the case now before us, the administrator's action was not an action to enjoin a proposed hearing in Nowata County.

In Cecil, Director of Agriculture of California v. Superior Court in and for Los Angeles County, 59 Cal.App.2d 793, 140 P. 2d 125, the District Court of Appeal held that venue of a mandamus action to prevent the enforcement of an order of the Director of Agriculture entered after hearing in Los Angeles County, and the effect of which would be to deprive the petitioner for mandamus of the right to do business in Los Angeles County, was properly in that county. In the case now before us, no hearing was conducted by the Oklahoma Tax Commission in Nowata County, and the right to do business there is not involved.

In Montana-Dakota Utilities Co. v. Public Service Commission of Montana, 111 Mont. 78, 107 P.2d 533, the court held that venue of an action by a public utility company doing business in Valley and Phillips counties, to prevent the enforcement in

those counties of an order reducing gas rates, entered after hearing in Valley County, was in either Valley County or Phillips County. The court, at page 534, said that "The operation of the order will be accomplished, if at all, in Valley and Phillips counties where the order is made applicable." Of course those are not the facts in the case now before us.

We hold that 12 O.S.1971, § 133, is the applicable venue statute, and that under it, venue does not lie in Nowata County. The application to assume original jurisdiction and petition for writ of prohibition both are granted, and respondent is directed to desist and refrain from any further proceedings in case number C–73–49 in the District Court of Nowata County.

DAVISON, C. J., and BERRY and LAVENDER, JJ., concur.

SIMMS, J., concurs by reason of stare decisis.

IRWIN, HODGES, BARNES and DOOLIN, JJ., dissent.

IRWIN, Justice (dissenting).

68 O.S.1971, § 226(c) provides, under the circumstances here presented, that a taxpayer shall be afforded a legal remedy and right of action in any State or Federal Court *having jurisdiction* of the parties and the subject matter.

If I correctly construe the majority opinion, it is predicated on the theory that the District Court of Nowata County did not have venue of the action in that 12 O.S.1971, § 133 placed venue in the District Court of Oklahoma County.

There is a clear distinction between venue and jurisdiction. Venue relates to geographical or territorial consideration; that is, where an action lies; and jurisdiction relates to the inherent judicial power of a court to adjudicate the subject matter in a given case. Atchison, Topeka & Santa Fe Ry. Co. v. Superior Court of Creek County, Oklahoma, Okl., 368 P.2d 475.

In Rich v. Reynolds, Okl., 277 P.2d 985, we held:

"Where an action which, under the terms of Tit. 12 O.S.1951 § 133, should have been commenced in a county in which the cause of action, or some part thereof, arose is improperly commenced in another county a question of venue arises, which may be waived, and where the record affirmatively shows that the question of venue was not raised by defendants, and answers are filed presenting other grounds than that of venue they thereby waive the objection that they have been improperly sued in the wrong county."

Assuming arguendo, that 12 O.S.1971, § 133, would be applicable in the case at bar, if the Tax Commission had not challenged the venue of the Nowata District Court, a judgment rendered by that court would have been valid and binding against the Tax Commission. Since the jurisdiction of a court may not be waived, it necessarily follows that the Nowata District Court in the instant action did have jurisdiction of the parties and the subject matter. In my opinion, this case comes squarely within the language of § 226(c) granting the taxpayer a legal remedy and right in any state court *having jurisdiction* of the parties and the subject matter.

The case at bar is distinguishable from State of Oklahoma ex rel. State Board of Education v. District Court of Bryan County, Okl., 290 P.2d 413; State ex rel. Department of Corrections v. Brock, Okl., 513 P.2d 1293; and cases of similar import. In those cases there were not specific statutory provisions such as § 226(c) supra.

In my opinion, if the Legislature had intended that 12 O.S.1971, § 133, would be applicable in cases such as here presented, it would not have employed the language "in any State * * * Court having jurisdiction of the parties and the subject matter".

I respectfully dissent.