560 P.2d 971 (1977)
The OFFICE OF the GOVERNOR  DEPARTMENT OF INDUSTRIAL DEVELOPMENT, Petitioner,
v.
Jay DALTON, Associate District Judge of the District Court of Tulsa County, State of Oklahoma, Respondent.
No. 50326.
Supreme Court of Oklahoma.
February 22, 1977.
Larry Derryberry, Atty. Gen., James H. Gray and J. Angela Ables, Asst. Attys. Gen., for petitioner.
Michael R. Vanderburg, Tulsa, for respondent.
*972 LAVENDER, Vice Chief Justice:
Petitioner, The Office of the Governor  Department of Industrial Development (Department), and Transportation Consultants, Inc. (Consultants) entered into two contracts. One contract was entitled "Professional Services Contract" and called for consultant services to be rendered the Department as assigned by its director with compensation to be paid on a retainer basis of $1,000 per month. The term was from July, 1972 to June 30, 1973. The other contract provided for particular transportation studies to be made by Consultants for the Department within a time limit of April 1, 1973, for a flat rate of $23,000.
The two contracts were subject of an action filed in the District Court of Tulsa County by Consultants against petitioner Department. Petition alleged termination of the contracts March 29, 1973, by the Department in violation of their terms. Consultants sought money judgment including sums for breach of contracts and for services rendered under the Professional Services Contract at time of termination.
Department filed a motion to quash and plea to jurisdiction and venue. Trial court overruled that motion. Petitioner Department brings this original action asking this court to assume original jurisdiction and issue writ of prohibition against the trial court, the named respondent, from proceeding further for lack of venue.
This court assumes original jurisdiction. Prohibition is a proper remedy to prevent a court from trying a case if it lacks jurisdiction because venue lies in another county. Starns v. District Court of Oklahoma County, Okl., 376 P.2d 592 (1962). Named respondent, in his response, agrees this court has original jurisdiction in this case and may exercise general superintending control over inferior courts within this state.
The issue is venue. Petitioner Department argues venue is in Oklahoma County. 12 O.S. 1971, §§ 133, 139. Consultants, through the respondent trial judge, argues venue is in Tulsa County, or at least that venue is cumulative with Oklahoma County. 12 O.S. 1971, §§ 133, 142; 12 O.S.Supp. 1976, § 143.
The Tulsa County suit is not one on an open account so as to bring it under § 142 as contended by Consultants. That position is based on some of the terms of the contracts not being definite and remain to be settled as between the parties. Nicholson v. Thixton, Okl., 448 P.2d 454 (1968) is cited. There, existence of at least three factors are required to establish an open account: (1) An account based upon running or concurrent dealings; (2) these dealings have not been closed, settled or stated; (3) some term of the contract remains to be settled between parties, or the agreement contemplates further transactions between the parties. Here, we find no account to exist. Although the term "account" may be difficult to define and somewhat flexible in meaning, Black's Law Dictionary, Revised Fourth Edition, p. 34 indicates it involves debts and credits and might include payments, losses, sales, debits, credits, etc. in most cases showing a balance. Harnischfeger Sales Corporation v. Pickering Lumber Co., C.C.A.Mo., 97 F.2d 692, 695 (1938) is quoted which reads in part:
"* * * and is not held to include a liability for unliquidated damages resulting from the breach of an entire contract, expressing only an entire consideration."
We question the contracts contain unsettled terms sufficient to bring it within the second and third factors of Nicholson, supra. We find no account based on running *973 or concurrent dealings so as to satisfy the first factor. The action sought to be prohibited is not one on an open account.
The Tulsa County action seeks money judgment with the principal relief for damages based on breach of contract caused by an alleged wrongful termination through an act done by a public officer, the Governor, by reason of his office. 74 O.S.Supp. 1976, § 2002(A) makes this department a part of the executive department of state government created in the Governor's office and under his direct control and supervision. Venue is controlled by § 133 (Second).
Consultants point to parts of the cause of action said to arise in Tulsa County and argue § 133 (Second) allows venue in that county. We do not agree.
This Court has sought to localize venue as to public officers under § 133. State v. District Court of Bryan County, Okl., 290 P.2d 413 (1955); State ex rel. Department of Corrections v. Brock, Okl., 513 P.2d 1293 (1973). These opinions have found the Kansas statute identical and have discussed that jurisdiction's case law reflecting a legislative intent to localize such venue. Huerter v. Hassig, 175 Kan. 781, 267 P.2d 532 (1954). Consultants would distinguish the Oklahoma authorities so holding as dealing with unconstitutional laws, or acts sought to be prohibited through prohibition, or required by mandamus. Those distinctions are not fundamental. The basic rationale as indicated by State ex rel. Department of Corrections, supra, and State ex rel. Dir., of Okl. Alc. Bev. Con. Bd. v. Smith, Okl., 519 P.2d 477 (1974) is that the decisional act, of the public officer emanating from the county of the official residence of the public officer, gives rise to the cause of action. In the Kansas case of Huerter, supra, removal of an obstruction in a river was sought. Venue was found at the situs of the fish and game commission and not where the obstruction was located. State ex rel. Department of Corrections, supra, complained of the operation in Comanche County of a pre-release center and its open lagoon which served as a sewer. Venue was held to be in Oklahoma County. State ex rel. Dir. of Okl. Alc. Bev. Con. Bd. v. Smith, supra, sought to prevent discriminatory enforcement of the open saloon law in Ottawa County. Venue was held to be in Oklahoma County.
Here, the decisional act by the public official to terminate Consultants' contracts emanated in the county of the official residence of the Department and of the Office of the Governor, Oklahoma County. The letter of cancellation came from that same situs. This is the official act complained of and for which money damages are sought. Though the contract was negotiated in Tulsa, drafted in Oklahoma City, executed by the Department and mailed for execution by Consultants in Tulsa, and performed in part in Tulsa, the cause of action arose from the decision to terminate made in Oklahoma County. The act done by the public officer in carrying out his office giving rise to the cause of action occurred at the official residence in Oklahoma County. Venue under § 133 (Second) is Oklahoma County. This action is one in personam, Sohio Petroleum Co. v. Brannan, 199 Okl. 536, 189 P.2d 193 (1948), as was State ex rel. Department of Corrections, supra.
The effect of § 143 is not determined for it has no application under this opinion. Venue is found to be exclusive in Oklahoma County. There is no problem of cumulative venue.
Original jurisdiction assumed and writ of prohibition granted.
All of the Justices concur.