HILLCREST MEDICAL CENTER, Appellant,

v.

Michael LEE, the Department of Corrections of the State of Oklahoma, and the Board of County Commissioners of the County of Tulsa, Appellees.

No. 50974.

Supreme Court of Oklahoma.

Feb. 28, 1978.

---

Boone, Ellison & Smith by Frederic N. Schneider, III, Tulsa, for appellant.

Larry Derryberry, Atty. Gen. of Oklahoma, Paul Crowe, Asst. Atty. Gen., Chief, Fed. Div., Oklahoma City, for appellees.

BARNES, Justice:

This appeal presents the narrow question of whether venue lies in Tulsa County or Oklahoma County in Appellant's suit against the Appellee Department of Corrections of the State of Oklahoma.

The facts are as hereinafter related. Michael Duval Lee was convicted on second degree murder in the District Court of Tulsa County on February 26, 1976, and received a sentence of from ten years to life under the supervision of the Oklahoma Department of Corrections, an agency of the State of Oklahoma, Appellee herein.

The District Court of Tulsa County issued a writ of habeas corpus ad prosequendum directing that Lee be transported from the Granite Reformatory, where he had begun serving his sentence, to Tulsa County for the purpose of standing trial. A Tulsa County Deputy Sheriff accepted custody of Lee and transported him to Tulsa. After the charges were dismissed and while Lee was being returned to the Reformatory by a Tulsa County Deputy Sheriff, he was severely injured in an automobile accident and taken to Tulsa Osteopathic Hospital as an emergency patient and thereafter transferred to the Hillcrest Medical Center, a non-profit, charitable hospital corporation, Appellant herein.

There is no allegation that Appellee Department of Corrections or its agents drove the automobile in which Lee was injured, nor did they authorize any medical treatment for Lee.

This declaratory judgment action to recover from the Appellee $36,146.00 in medical services rendered to Appellee's inmate, Michael Lee, for which Appellant Hospital has not received any payment from Appellee, was filed by the Appellant pursuant to

12 O.S.1971, §§ 1651, et seq., when both the Appellee Department of Corrections and the Tulsa County Sheriff's Office (Board of County Commissioners of Tulsa County) refused payment, each alleging that the other had custody over inmate Lee.

Appellant's action, filed January 25, 1977, in the District Court of Tulsa County, is comprised of three components: (1) The amended petition asserts a declaratory judgment action to determine if the Appellee, the Department of Corrections, or the Board of County Commissioners of Tulsa County, Oklahoma, had custody of the convicted felon when he suffered severe injuries July 7, 1976; (2) the Appellant seeks to collect the value of medical services rendered in Tulsa County to Lee on an open account against the Appellee or the Board of County Commissioners of Tulsa County, whichever entity is found liable; and (3) the amended petition further alleges that the Appellee had a duty to provide medical treatment to injured inmates and that, by the Appellant rendering such medical services to an injured inmate, the Appellee is liable on an express or implied contract or quasi contract to pay for such medical services.

On February 9, 1977, Appellee Department of Corrections entered a Special Appearance and Objection to Jurisdiction asserting that as the amended petition alleged a cause of action against a State agency, under 12 O.S.1971, § 133, venue properly lay in Oklahoma County, the seat of State government, and that venue in Tulsa County was improper. This motion to dismiss for lack of venue was sustained by Minute Order April 13, 1977, after the filing of briefs and oral argument.

Appellant Hospital then chose to pursue an appeal from that order rather than litigate the action in Tulsa County with the remaining party defendant.

Appellant brings the instant appeal seeking reversal of the Order of the Trial Court sustaining the Appellee's Special Appearance and Objection to Jurisdiction and remand of the case to the District Court for further proceedings.

The question before this Court is whether venue lies in Tulsa County or Oklahoma County for the action against the Appellee.

Appellant first argues venue for this action lies in Tulsa County since the amended petition alleges an action at law for the collection of an open account contracted in Tulsa County to an inmate of the Appellee. In support of this proposition, Appellant relies on *State Board of Public Affairs v. Principal Funding Corp.,* 542 P.2d 503 (Okl. 1975), which stated in the syllabus that where a person or entity enters into a valid contract with the State and a valid appropriation has been made therefor, the State has waived its governmental immunity to the extent of its contractual obligation, and such obligations may be enforced against the State in an ordinary action at law. Thus, Appellant argues the Appellant may sue at law for a money judgment and need not proceed against a State agency by mandamus to compel a State official to perform his public duty.

Under Appellant's contention that this is a suit to collect on an open account, it considers several venue statutes to determine which is appropriate. Title 12 O.S. 1971, § 142, relied on by Appellant, provides in pertinent part:

"The venue of civil actions for the collection of an open account or for the collection of any note or other instrument of indebtedness shall be, at the option of the plaintiff or plaintiffs, in either of the following:

"(a) in any county in which venue may be properly laid as now provided by law; or

"(b) in the county in which the debt was contracted or in which the note or other instrument of indebtedness was given."

Appellant urges that because the debt was contracted in Tulsa County venue is proper there, and, further, that once Appellant has chosen his venue statute the action is rightly brought in Tulsa County because under 12 O.S.Supp.1976, § 143:

"All venue statutes are cumulative wherever they appear and any action brought under any such statute may be maintained where brought. No court shall apply one venue statute in preference to another whether considered general or special."

The Appellee Department of Corrections, on the other hand, contends the venue statute applicable to Appellant's alleged cause of action is 12 O.S.1971, § 133, which provides in pertinent part:

"Actions for the following causes must be brought in the county where the cause, or some part thereof arose:

*   *   *   *   *   *

"Second. An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties."

The appellee cites a number of decisions of this Court involving actions seeking to enjoin or prohibit the performance of acts by a public officer, acting under color of authority, which repeatedly hold such action must be brought within the County of such public officer's official residence, i. e., the County from which the official act or decision complained of emanated. In *State ex rel. Director of Oklahoma Alcoholic Beverage Control Board v. Smith,* 519 P.2d 477 (Okl.1974), the plaintiff filed an action in Ottawa County seeking injunctive relief against the State Board to enjoin its enforcement of allegedly unconstitutional open saloon laws as to plaintiff's business establishment in that County. The plaintiff argued venue was proper in Ottawa County since the alleged unconstitutional enforcement was being conducted by local State Board agents in that County. However, this Court rejected that argument, holding venue to be in the County from which the enforcement decision, sought to be enjoined, emanated, i. e., Oklahoma County, the official residence of the Director.

In *Office of the Governor-Department of Industrial Development v. Dalton,* 560 P.2d 971 (Okl.1977), involving the issue of venue, the Court said in an action filed in Tulsa County alleging a breach of contract and seeking money damages in that County pursuant to 12 O.S.1971, § 133:

"This Court has sought to localize venue as to public officers under § 133. *State v. District Court of Bryan County,* Okl., 290 P.2d 413 (1955); *State ex rel. Department of Corrections v. Brock,* Okl., 513 P.2d 1293 (1973). These opinions have found the Kansas statute identical and have discussed that jurisdiction's case law reflecting a legislative intent to localize such venue. *Huerter v. Hassig,* 175 Kan. 781, 267 P.2d 532 (1954). Consultants would distinguish the Oklahoma authorities so holding as dealing with unconstitutional laws, or acts sought to be prohibited through prohibition, or required by mandamus. Those distinctions are not fundamental. The basic rationale as indicated by *State ex rel. Department of Corrections,* supra, and *State ex rel. Dir. of Okl. Alc. Bev. Con. Bd. v. Smith,* Okl., 519 P.2d 477 (1974) is that the decisional act, of the public officer emanating from the county of the official residence of the public officer, gives rise to the cause of action. *   *   *

"Here, the decisional act by the public official to terminate Consultants' contracts emanated in the county of the official residence of the Department and of the Office of the Governor, Oklahoma County. The letter of cancellation came from that same situs. This is the official act complained of and for which money damages are sought. Though the contract was negotiated in Tulsa, drafted in Oklahoma City, executed by the Department and mailed for execution by Consultants in Tulsa, and performed in part in Tulsa, the cause of action arose from the decision to terminate made in Oklahoma County. The act done by the public officer in carrying out his office giving rise to the cause of action occurred at the official residence in Oklahoma County. Venue under § 133 (Second) is Oklahoma County. *   *   *"

Further, in *Schwartz v. Diehl,* 568 P.2d 280 (Okl.1977), this Court said:

"We are concerned here with multiple joint defendants. The venue of actions against multiple joint defendants 'lies only in the county or counties meeting the requirements of all applicable specific venue statutes' and only 'when such requirements are met, is the action "rightly brought"' as authorized by § 154. * * (citations omitted)."

We find these cases persuasive and conclude that the Trial Court properly held that any action against the Appellee Department of Corrections must be brought in Oklahoma County, i. e., the county in which the refusal of payment for said medical services emanated.

The judgment of the Trial Court is affirmed.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY and SIMMS, JJ., concur.

HODGES, C. J., and IRWIN and DOOLIN, JJ., dissent.